# United States Court of Appeals
## For the First Circuit

No. 04-2066

ABELARDO CUEVAS,

Petitioner,

v.

C. J. DEROSA, WARDEN, FCI, FT. DIX,

Respondent.

APPLICATION FOR LEAVE TO FILE A SECOND OR
SUCCESSIVE MOTION PURSUANT TO 28 U.S.C. § 2255

Before

Torruella, Circuit Judge,
Campbell, Senior Circuit Judge,
and Selya, Circuit Judge.

Abelardo Cuevas pro se.
Michael J. Sullivan, United States Attorney, and Dina Michael
Chaitowitz, Assistant U.S. Attorney.

October 22, 2004

**Per Curiam**.  Petitioner seeks leave to file a second or successive habeas corpus petition under 28 U.S.C. § 2255.  As the ground for the present petition, petitioner relies on the recent United States Supreme Court decision in Blakely v. Washington, 124 S. Ct. 2531 (2004).

Under the relevant gatekeeping provision, a new rule of law can form the basis for a second or successive habeas petition only if that rule is "made retroactive to cases on collateral review by the Supreme Court."  28 U.S.C. § 2255, para. 8(2).  To date, the Supreme Court has not decided whether Blakely is even applicable to the federal sentencing guidelines, see Blakely, 124 S. Ct. at 2538 n.9 ("The Federal Guidelines are not before us, and we express no opinion on them."), much less declared its ruling in Blakely to be retroactive to cases on collateral review.  Therefore, petitioner may not rely on Blakely as a ground for filing a second or successive petition to vacate his federal sentence.  See Simpson v. United States, 376 F.3d 679, 681-82 (7th Cir. 2004); In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004); see generally Tyler v. Cain, 533 U.S. 656, 663 (2001) (explaining that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive").

Of course, if the Supreme Court in the future makes Blakely retroactive, the petitioner may at that time attempt to assert a claim by means of a second or successive § 2255 petition.  See,

-2-

e.g., <u>Sustache-Rivera</u> v. <u>United States</u>, 221 F.3d 8, 16-17 (1st Cir. 2001).  Until that time, however, the instant application must be considered premature.  <u>See</u> <u>id</u>. at 15 n.12.

<u>The application is denied without prejudice</u>.