**UNITED STATES of America,**

v.

**Jean STANCELL and Silvader Denise Estep, Defendants.**

**No. CRIM. 02–0374(PLF).**

United States District Court, District of Columbia.

Dec. 2, 2004.

John Robert Fisher, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Plaintiff–Appellee.

A.J. Kramer, Michelle M. Peterson, Federal Public Defenders, Washington, DC, for Defendants–Appellants.

### *MEMORANDUM OPINION AND ORDER*

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court on defendant Jean Stancell's motion to modify her conditions of supervised release and defendant Silvader Denise Estep's motion to modify and reduce her sentence. Both motions have as their basis the Supreme Court's recent holding in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Both defendants agree that their motions should be treated as motions filed under 28 U.S.C. § 2255. Upon consideration of defendants' motions, the government's oppositions and defendant Stancell's reply, the Court concludes that both motions should be denied.[1]

Defendants maintain that the various upward adjustments included in calculating their sentences violated their Sixth Amendment right to a jury under *Blakely* because the facts supporting the increases were neither admitted to by the defendants nor found by a jury. *See* Motion to Modify Conditions of Supervised Release in Light of Blakely Decision ("Stancell Mot.") at 1–2; Defendant's Motion to Modify and Reduce Sentence ("Estep Mot.") at 3.[2] The government responds that *Blakely* constitutes a new constitutional rule of criminal procedure and therefore may not be retroactively applied on collateral at-

1. Although the time for filing a reply in support of Ms. Estep's motion has not yet expired, because the Court concludes that the Supreme Court's holding in *Blakely* does not apply to petitions for collateral review, the Court will deny Ms. Estep's motion at this time.

2. The Court did, however, conduct a three-day evidentiary hearing and found by a pre-

tack. *See* Government's Opposition to Defendant's Motion to Modify Conditions of Supervised Release ("Stancell Opp.") at 1.[3]

The Supreme Court has held that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague v. Lane*, 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). A case announces a new rule "if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Id.* at 301, 109 S.Ct. 1060. The Seventh Circuit has expressly held that *Blakely* "was not dictated or compelled by *Apprendi* [*v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ]or its progeny." *Simpson v. United States*, 376 F.3d 679, 681 (7th Cir. 2004). As the government notes, prior to *Blakely*, the courts of appeals all agreed that enhancements such as those challenged here did not run afoul of *Apprendi*. *See, e.g., United States v. Samuel*, 296 F.3d 1169, 1172 (D.C.Cir.2002).[4] The Court therefore concludes that if *Blakely* applies to the Federal Sentencing Guidelines, it is a "new rule" that was not dictated by existing precedent. Indeed, defendant Stancell concedes that the Supreme Court's decision in *Blakely* is a new constitutional rule of criminal procedure. *See* Reply to Government's Opposition to De-

fendant's Motion to Modify Conditions of Supervised Release ("Stancell Rep.") at 2.

If a case announces a new rule, then that rule may be applied retroactively only if it "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" or it constitutes a "watershed rule[ ] of criminal procedure" implicating fundamental fairness and accuracy of the criminal proceeding. *Teague v. Lane*, 489 U.S. at 311, 109 S.Ct. 1060; *see also United States v. Lafayette*, 337 F.3d 1043, 1046–47 (D.C.Cir.2003). The first exception is not applicable to this case. With respect to the second exception, the Supreme Court, in declining to apply *Ring v. Arizona* retroactively, noted that the question is whether "judicial factfinding so seriously diminishe[s] accuracy that there is an impermissibly large risk of punishing conduct the law does not reach." *Schriro v. Summerlin*, —— U.S. ——, ——, 124 S.Ct. 2519, 2525, 159 L.Ed.2d 442 (2004) (quotations omitted)(citing *Teague v. Lane*, 489 U.S. at 312–313, 109 S.Ct. 1060). The Supreme Court found that *Ring* was not a "watershed rule" because when "so many presumably reasonable minds continue to disagree over whether juries are better factfinders *at all*, we cannot confidently say that judicial factfinding *seriously* diminishes accuracy." *See id.* (emphasis in

---

ponderance of the evidence all of the facts necessary to apply the upward adjustments.

**3.** The government notes that although defendant Stancell filed a notice of appeal on December 29, 2003, she subsequently filed a motion to dismiss her appeal and the motion was granted on February 13, 2004. *See* Stancell Opp. at 2. The government also notes that defendant Estep filed a notice of appeal on September 22, 2003, but also filed a motion to dismiss the appeal and the motion was granted on February 9, 2004. *See* Government's Opposition to Defendant's Motion to Modify and Reduce Sentence ("Estep Opp.") at 2.

**4.** Justice O'Connor dissenting in *Blakely* warned that "despite the fact that we hold in *Schriro v. Summerlin* [124 S.Ct. 2519 (2004) ] that *Ring* [*v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) ] (and *a fortiori Apprendi* ) does not apply retroactively on habeas review, all criminal sentences imposed under the federal and state guidelines since *Apprendi* was decided in 2000 arguably remain open to collateral attack," *See Blakely v. Washington*, —— U.S. ——, ——, 124 S.Ct. 2531, 2549, 159 L.Ed.2d 403 (2004) (O'Connor, J. dissenting). This view, however, has not been endorsed by a majority of the Supreme Court.

original); *see also United States v. Latney,* 131 F.Supp.2d 31, 34 (D.D.C.2001) ("shifting of an element of the offense from the judge to the jury and requiring proof of such element beyond a reasonable doubt rather than by a preponderance of the evidence does not directly relate to the accuracy of the conviction or sentence, nor does it implicate fundamental fairness").[5] The Supreme Court's decision in *Schriro,* "has strongly implied that *Blakely* is not to be applied retroactively." *In re Dean,* 375 F.3d 1287, 1290 (11th Cir.2004).

The D.C. Circuit has not yet addressed the question of whether *Blakely* should be applied retroactively, but other courts have found *Blakely* not to apply when convictions are attacked collaterally. *See Mulvihill v. Garcia,* 113 Fed.Appx. 289, 290 n. 1, 2004 WL 2668417 at *1 n. 1 (9th Cir.2004) (*Blakely* does not apply retroactively to cases on collateral review); *United States v. Beatty,* 103 Fed.Appx. 785, 2004 WL 1759028 (4th Cir.2004) ("*Blakely* does not apply in the Section 2255 context"); *United ed States v. Falodun,* No.Crim.01–380, 2004 WL 2397612 (D.Minn. Oct. 25, 2004) (citing *Schriro* and holding that *Blakely* is not a watershed rule); *Orchard v. United States,* 332 F.Supp.2d 275 (D.Me.2004) (same).[6] This Court also finds that *Blakely* is inapplicable to cases on collateral review. The Court will deny defendants'

motions without prejudice to their renewal, however, should the Supreme Court hold in *United States v. Booker,* No. 04–104 and *United States v. Fanfan,* No. 04–105 that *Blakely* applies to the Federal Sentencing Guidelines and that it should be applied retroactively in collateral proceedings.

Defendant Stancell finally argues that even if the *Blakely* decision is not applied retroactively, the Court should, as an equitable matter, modify defendant Stancell's conditions of release to relieve her of the obligation to complete the last two months of her electronic monitoring if the Court would not have imposed electronic monitoring had *Blakely* been decided before sentencing. This the Court declines to do.

Accordingly, it is hereby

ORDERED that defendant Stancell's motion to modify the conditions of her supervised release is DENIED without prejudice; and it is

FURTHER ORDERED that defendant Estep's motion to modify and reduce her sentence is also DENIED without prejudice.

SO ORDERED.

---

**5.** This Court does not suggest that either juries or the reasonable doubt standard do not play "vital role[s] in the American scheme of criminal procedure." *In re Winship,* 397 U.S. 358, 363–64, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). But, unless *United States v. Booker,* No. 04–104 and *United States v. Fanfan,* No. 04–105 or their progeny change the holdings of *Ring* and *Schriro,* this Court cannot conclude that any holdings announced in *Blakely* should be applied retroactively in collateral proceedings.

**6.** Many courts of appeals have also noted that the Supreme Court did not expressly make the *Blakely* decision retroactive, thus failing to make *Blakely* an appropriate basis for a

second or successive motion pursuant to Section 2255. *See Carmona v. United States,* 390 F.3d 200, 202, 2004 WL 2699880 at *2 (2d Cir.2004) (because Supreme Court has not announced *Blakely* to be a new rule of constitutional law, nor has the Court held it to apply retroactively, court of appeals refused to grant authority to file second Section 2255 petition); *Cuevas v. Derosa,* 386 F.3d 367, 368 (1st Cir.2004) (same); *United States v. Smith,* 111 Fed.Appx. 184, 2004 WL 2368076 (4th Cir.2004) (same); *Leonard v. United States,* 383 F.3d 1146, 1148 (10th Cir.2004) (same); *United States v. Ford,* 383 F.3d 567, 568 (7th Cir.2004) (same); *In re Dean,* 375 F.3d 1287, 1290 (same).