OPINION
{¶ 1} Defendant-appellant Paul M. Craig appeals the September 12, 2003 Judgment Entry of the Licking County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On September 12, 2003, the Licking County Grand Jury indicted appellant on ten counts of rape, five counts of gross sexual imposition ("GSI"), five counts of sexual battery, and one count of corruption of a minor.
 {¶ 3} The victims in this case were appellant's 15 and 11 years old step-daughters. On March 31, 2004, appellant entered pleas of guilty to two of the charges of gross sexual imposition and no contest to all of the remaining charges with the exception of one count of sexual battery which was dismissed by the State.
 {¶ 4} A sentencing hearing was held on May 19, 2004, wherein the trial court sentenced appellant to a total prison term of fourteen (14) years. The court imposed a three year sentence on each of the ten counts of rape with three of the sentences to be served consecutively to one another and concurrently with the remaining seven rape counts; two year sentences were imposed on each of the GSI counts to be served concurrently to one another but consecutive to the rape sentences; two year sentences were also imposed on each of the counts of sexual battery with such sentences to run concurrent with one another but consecutive to the rape and GSI sentences; and a one year sentence was imposed on the sole count of corruption of a minor, with such sentence also ordered to be served consecutively to the other sentences.
 {¶ 5} A sexual predator hearing was conducted on the same date in accordance with Revised Code Chapter 2950, resulting in Appellant being classified as a sexual predator.
 {¶ 6} On appeal, this Court reversed and remanded to the trial court with instructions to specifically determine appellant's habitual sex offender status and to make the requisite findings on the record pursuant to R.C. Section 2929.14(E)(4) and State v. Comer, 2003-Ohio-4165,99 Ohio St.3d 467.
 {¶ 7} On February 14, 2005, appellant moved the trial court to conduct an evidentiary hearing to determine if any of the sexually oriented offenses were allied offenses of similar import, and for appointment of an independent expert on the issue of his classification as a sexual predator. The trial court denied both motions.
 {¶ 8} Also on February 14, 2005, the trial court conducted a hearing finding appellant not to be a habitual sex offender, and sentencing appellant to consecutive sentences.
 {¶ 9} Appellant now appeals, assigning as error:[1]
 {¶ 10} "I. THE TRIAL COURT ERRED BY SENTENCING DEFENDANT/APPELLANT TO CONSECUTIVE SENTENCES.
 {¶ 11} "II. APPELLANT CONTENDS THAT THE TRIAL COURT ERRED BY LABELING HIM AS A SEXUAL PREDATOR AND THAT THE TRIAL COURT ERRED BY NOT APPOINTING AN INDEPENDENT EXPERT TO ASSIST IN HIS DEFENSE AT THE SEXUAL PREDATOR HEARING."
 I {¶ 12} In the first assignment of error, appellant argues the trial court erred in reimposing consecutive sentences on remand. We disagree.
 {¶ 13} Appellant submits his separate convictions for rape and gross sexual imposition constitute allied offenses of similar import pursuant to R.C. 2941.25. Appellant argues the offenses should be merged into a single offense, the trial court erred in not conducting an evidentiary hearing on the issue and there was not a sufficient factual basis from which to find him guilty of sexual battery.
 {¶ 14} Upon review, appellant's arguments could have been assigned as error in his previous direct appeal. Therefore, res judicata applies and bars him from raising them for the first time in this appeal.
 {¶ 15} Further, appellant contends the trial court failed to make specific oral findings on remand justifying the imposition of consecutive sentences. Specifically, appellant asserts the trial court failed to follow the mandates of the Ohio Supreme Court in State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 16} In order to impose consecutive sentences, a trial court must comply with R.C. 2929.14(E)(4), which provides:
 {¶ 17} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 18} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 19} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 20} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
More concisely as pertinent here, R.C. 2929.14(E)(4) requires the court to make three findings in order to sentence an offender to consecutive sentences: (1) consecutive sentences are "necessary to protect the public from future crime or to punish the offender, * * * [(2)] consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, * * * [and (3)] [t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 21} "Consecutive sentences are reserved for the worst offenses and offenders." Comer, supra. Thus, in imposing consecutive sentences, the trial court must support its decision with specific findings as to all three requirements of R.C. 2929.14(E)(4). Id.
 {¶ 22} On remand, this Court instructed the trial court to make the requisite findings on the record under R.C. 2929.14(E)(4), as required by the Comer decision.
 {¶ 23} Pursuant to this Court's limited remand, the trial court conducted a sentencing hearing on February 14, 2005, finding on the record:
 {¶ 24} "The Court further finds that consecutive sentences are necessary given your crime being so great or so unusual that a single term does not adequately reflect the seriousness of conduct in the case. Specifically, Mr. Craig, your victim was a girl who you developed a relationship with prior to marrying her mother and continued your sexual relationship with her. And, in fact, you developed this relationship with her after developing a relationship also with her older sister. One of the girls you videotaped while she is performing oral sex on you, which was, I believe, an exhibit in their case here. The victim listed over 200 incidents.
 {¶ 25} "The Court further notes you had prior convictions while as an adult for contributing, for having sex with a minor. You've been picked up for soliciting prostitutes.
 {¶ 26} "The Court finds between that history and your actions here involving the two girls demonstrates the harm is so great or unusual that a single term does not adequately reflect the seriousness of the conduct and demonstrates that consecutive counts are necessary to protect the public, which I believe would satisfy the findings made out — set out under State versus Comer as required by the appellate decision on January 10th."
 {¶ 27} Upon review, the trial court failed to find on the record consecutive sentences "are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public" pursuant to R.C. 2924.14(E)(4). Accordingly, we find the trial court failed to comply with the sentencing guidelines and Comer in imposing consecutive sentences, and we remand the matter to the trial court for re-sentencing.
 {¶ 28} Appellant further contends the trial court enhanced his sentence based upon facts not found by a jury or admitted by appellant in violation of Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531.
 {¶ 29} Appellant did not raise this issue on direct appeal, and numerous courts have determined Blakely does not apply retroactively. See, e.g., In re Dean (C.A.11, 2004), 375 F.3d 1287; Cuevas v. Derosa
(C.A.1, 2004), 386 F.3d 367; United States v. Stoltz (D.Minn. 2004),325 F.Supp.2d 982; United States v. Stancell (D.D .C. 2004),346 F.Supp.2d 204; United States v. Traeger (N.D.Ill. 2004),325 F.Supp.2d 860; Patterson v. United States (E.D.Mich, June 25, 2004), See, e.g., In re Dean (C.A.11, 2004), 375 F.3d 1287; Cuevas v.Derosa (C.A.1, 2004), 386 F.3d 367; United States v. Stoltz (D.Minn. 2004), 325 F.Supp.2d 982; United States v. Stancell (D.D.C. 2004),346 F.Supp.2d 204; United States v. Traeger (N.D.Ill. 2004),325 F.Supp.2d 860; Patterson v. United States (E .D.Mich, June 25, 2004), 2004 U.S. Dist. LEXIS 12402. Therefore, res judicata bars this argument.
 {¶ 30} Appellant's first assignment of error is sustained as to the trial court's failure to make the requisite findings justifying consecutive sentences.
 II {¶ 31} In the second assignment of error, appellant argues the trial court's classifying him a sexual predator was not supported by clear and convincing evidence.
 {¶ 32} Again, appellant raised the identical argument on direct appeal. This Court held:
 {¶ 33} "In the instant case, at the sentencing and classification hearing, the court reviewed the relevant facts of the case and considered all the factors contained in R.C. § 2950.09(B)(2). The court considered the pre-sentence investigation report, the testimony of Kelly Miller, a probation officer specializing in the field of sexual offenders and her opinion that he was a preferential child molester and recommendation that he be classified as a sexual predator; Appellant's age, that being 39 years old; the tender ages of the victims, that being 15 and 11 when the sexual abuse began; the fact that Appellant was the stepfather of his victims; Appellant's marriage to and relationship with the victims' mother; and the pattern of abuse. (Sentencing T. at 22-23, 27).
 {¶ 34} Based on the foregoing, we find that the trial court did not err in classifying appellant as a sexual predator." State v. Craig (Jan. 10, 2005), Licking App. No. 2004CA00047.
 {¶ 35} Appellant did not argue in his previous direct appeal trial court error in failing to appoint an expert; therefore, res judicata again applies.
 {¶ 36} The second assignment of error is overruled.
 {¶ 37} Appellant's February 14, 2005 sentence is reversed and remanded for further findings in accordance with R.C. 2924.14(e)(4), and appellant's sexual predator classification in the Licking County Court of Common Pleas is affirmed.
Hoffman, J. Gwin, P.J. and Edwards, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed, in part; reversed, in part, and remanded. Costs to be divided equally.
[1] We note appellant's brief fails to comply with Appellate Rule 16. Appellant's brief does not include, under separate heading, a statement of the assignments of error presented for review with reference to the record, nor does the brief include a statement of the issues presented for review with reference to the assignments of error to which each relates. Additionally, appellant's brief improperly states, "Appellant hereby incorporates by reference all argument raised in his Merit Brief and reply Brief in App. No. 04CA47." However, in the interests of judicial fairness and economy, we will address the assignments of error specifically raised in the argument section of appellant's brief.