OPINION
{¶ 1} Defendant-appellant Douglas Stillman appeals the judgment entry of the Fairfield County Court of Common Pleas dismissing his petition for post-conviction relief. Plaintiff-appellee is the State of Ohio.
 {¶ 2} On April 4, 2003 appellant was indicted by the Fairfield County Grand Jury in Case No. 03CR97 on one count of Domestic Violence a felony of the fifth degree in violation of R.C. 2919.25 (A). On May 6, 2003 a Bill of Information was filed in Case No. 03CR134 charging the appellant with one count of Intimidation of Victim/Witness a felony of the third degree in violation of R.C. 2921.04 (B).
 {¶ 3} On May 7, 2003 appellant pled guilty to both charges. He waived his right to a separate sentencing hearing. The trial court sentenced appellant to a term of nine months on the Domestic Violence count and a sentence of one year on the Intimidation of a Victim/Witness charge. The sentences were to be served consecutively. On July 10, 2003 appellant was granted judicial release and he was placed on community control sanctions.
 {¶ 4} On December 5, 2003 appellant was indicted in Delaware County on two counts of attempted murder, felonious assault, two counts of rape, and three counts of kidnapping. On January 23, 2004 the appellant was indicted for Tampering with Evidence and Intimidation of a Witness. On May 14, 2004, the Delaware County Prosecuting Attorney's Office filed a Bill of Information charging appellant with Domestic Violence. Prior to trial the State dismissed one count of rape and one count of kidnapping. The cases were joined and appellant was found guilty after a jury trial of felonious assault, rape, two counts of kidnapping, tampering with evidence, intimidation of a witness, and domestic violence.
 {¶ 5} By judgment entry filed June 29, 2004 the trial court sentenced appellant to eight years on the felonious assault, six years on the rape, five years on the kidnapping, four years on the tampering with evidence, six months on the intimidation of a witness or victim and twelve months on the domestic violence. The eight year sentence on the felonious assault and the four year sentence on the tampering with evidence were ordered to be served consecutively for a total of twelve years. The remaining sentences were ordered to be served concurrently to each other and to the twelve year sentence.
 {¶ 6} On December 20, 2004 this court affirmed appellant's convictions and sentences in Delaware County. See State v. Stillman, Delaware App. No. 04CAA07052, 2004-Ohio-6974.
 {¶ 7} On October 12, 2004 in Fairfield County Court of Common Pleas Case Nos. 03CR97 and 03CR134 appellant's community control was revoked and the trial court ordered appellant to serve his original sentences consecutive to the sentence appellant received in Delaware County.
 {¶ 8} On April 6, 2005 appellant filed a petition for post-conviction relief. On May 11, 2005 the trial court overruled appellant's petition for post-conviction relief without findings of fact and conclusions of law. On May 20, 2005 appellant filed a motion requesting the trial court issue findings of fact and conclusions of law. Also on May 20, 2005, appellant filed a Motion to Reconsider the trial court's overruling of his petition. On June 2, 2005, appellant filed his Notice of Appeal with this court. On June 21, 2005, the trial court filed a judgment entry overruling appellant's petition which contained Findings of Facts and Conclusions of Law.
 {¶ 9} Appellant filed his appeal from the denial of his Petition to Vacate or Set Aside Sentence in this court and has set forth the following six assignments of error:
 {¶ 10} "I. THE TRIAL COURT ERRED WHEN IT ORDERED THE PROSECUTION TO SUBMIT FINDING OF FACTS AND CONCLUSION OF LAW AND DENIED APPELLANT AN IMPARTIAL JUDGE VIOLATING THE 5TH, 6TH, AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION.
 {¶ 11} "II. THE TRIAL COURT ERRED WHEN IT PROMISED APPELLANT FINDING OF FACTS AND CONCLUSION OF LAW BY JUNE 15, 2005 AND NEVER PROVIDED THEM TO APPELLANT AT PROMISED DATE INJURING APPELLANT'S FUTURE APPEAL.
 {¶ 12} "III. THE TRIAL COURT ERRED WHEN IT SET A DATE OF JUNE 17, 2005 TO DECIDE APPELLANT'S MOTION FOR RECONSIDERATION, THEN REFUSED TO MAKE THAT DECISION AFTER REALIZING STRUCTURAL ERROR OF ORDERING PROSECUTOR TO MAKE FINDING OF FACTS AND CONCLUSION OF LAW HOPING APPELLANT WOULD DEFAULT VIOLATING 5TH, 6TH, AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION.
 {¶ 13} "IV. THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO NON-MINIMUM SENTENCES BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY APPELLANT IN A PLEA AGREEMENT PURSUANT TO BLAKELY V. WASHINGTON AND UNITED STATES V. BOOKER.
 {¶ 14} "V. THE TRIAL COURT'S SENTENCING OF APPELLANT TO CONSECUTIVE SENTENCES ON THE DOMESTIC VIOLENCE AND INTIMIDATION OF A WITNESS BASED ON FACTS NOT FOUND BY A JURY OR ADMITTED BY APPELLANT PURSUANT TO BLAKELY V. WASHINGTON AND UNITED STATES V. BOOKER IS UNCONSTITUTIONAL.
 {¶ 15} "VI. THE TRIAL COURT ERRED WHEN THEY DENIED APPELLANT AN EVIDENTIARY HEARING."
 Standard of Review {¶ 16} R.C. 2953.21(A) states, in part, as follows: "(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief".
 {¶ 17} A post conviction proceeding is a collateral civil attack on a criminal conviction. State v. Calhoun (1999), 86 Ohio St.3d 279, 281,714 N.E.2d 905; State v. Phillips, 9th Dist. No. 20692, 2002-Ohio-823. In order to obtain post conviction relief, a petitioner must show that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States [.]" R.C. 2953.21; State v. Watson
(1998), 126 Ohio App.3d 316, 323, 710 N.E.2d 340.
 {¶ 18} Under R.C. 2953.21, a petitioner seeking post conviction relief is not automatically entitled to an evidentiary hearing. Calhoun,86 Ohio St.3d at 282, 714 N.E.2d 905. Significantly, the Ohio Supreme Court has held that proper basis for dismissing a petition for post conviction relief without holding an evidentiary hearing include: 1) the failure of the petitioner to set forth sufficient operative facts to establish substantive grounds for relief, and 2) the operation of resjudicata to bar the constitutional claims raised in the petition.Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; State v. Lentz
(1994), 70 Ohio St.3d 527, 530, 639 N.E.2d 784.
 {¶ 19} R.C. 2953.21 does not expressly mandate a hearing for every post-conviction relief petition; therefore, a hearing is not automatically required. In determining whether a hearing is required, the Ohio Supreme Court in State v. Jackson (1980), 64 Ohio St.2d 107, stated the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavits, and the files and records of the case.
 {¶ 20} As the Supreme Court further explained in Jackson, supra, "[b]road assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction relief petitions." Id. at 111. Rather, a petitioner must submit evidentiary documents containing sufficient operative facts to support his claim before an evidentiary hearing will be granted. Accordingly, "a trial court properly denies a defendant's petition for post conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C).
 {¶ 21} Another proper basis upon which to deny a petition for post conviction relief without holding an evidentiary hearing is res judicata. Lentz, 70 Ohio St.3d at 530; State v. Phillips, supra.
 {¶ 22} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. Statev. Szefcyk (1996), 77 Ohio St.3d 93, 671 N.E.2d 233, syllabus, approving and following State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. It is well-settled that, "pursuant to resjudicata, a defendant cannot raise an issue in a [petition] for post conviction relief if he or she could have raised the issue on direct appeal." State v. Reynolds (1997), 79 Ohio St.3d 158, 161, 679 N.E.2d 1131. Accordingly, "[t]o survive preclusion by res judicata, a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." State v. Nemchik (Mar. 8, 2000), Lorain App. No. 98CA007279, unreported, at 3; see, also, State v.Ferko (Oct. 3, 2001), Summit App. No. 20608, unreported, at 5; State v.Phillips, supra.
 {¶ 23} In State v. Phillips, supra, the court noted "[s]ignificantly, evidence outside the record alone will not guarantee the right to an evidentiary hearing. State v. Combs (1994), 100 Ohio App.3d 90, 97,652 N.E.2d 205. Such evidence `must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of [Statev. Perry (1967), 10 Ohio St.2d 175] by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery.' (Citation omitted.) State v. Lawson (1995),103 Ohio App.3d 307, 315, 659 N.E.2d 362. Thus, the evidence must not be merely cumulative of or alternative to evidence presented at trial".Combs, 100 Ohio App.3d at 98, 652 N.E.2d 205.
 I. {¶ 24} In his First Assignment of Error appellant maintains that the trial court erred when it relied upon the proposed findings of fact and conclusions of law prepared by the State. We disagree.
 {¶ 25} Civ.R. 52 states that it is within the trial court's "discretion" to "require any or all of the parties to submit proposed findings of fact and conclusions of law."
 {¶ 26} In Anderson v. City of Bessemer(1985), 470 U.S. 564,105 S.Ct. 1504, the United States Supreme Court noted "[w]e, too, have criticized courts for their verbatim adoption of findings of fact prepared by prevailing parties, particularly when those findings have taken the form of conclusory statements unsupported by citation to the record. See, e.g., United States v. El Paso Natural Gas Co., 376 U.S. 651,656-657, 84 S.Ct. 1044, 1047-1048, 12 L.Ed.2d 12 (1964); United States v.Marine Bancorporation, 418 U.S. 602, 615, n. 13, 94 S.Ct. 2856, 2866, n. 13, 41 L.Ed.2d 978 (1974). We are also aware of the potential for overreaching and exaggeration on the part of attorneys preparing findings of fact when they have already been informed that the judge has decided in their favor. See J. Wright, The Nonjury Trial — Preparing Findings of Fact, Conclusions of Law, and Opinions, Seminars for Newly Appointed United States District Judges 159, 166 (1962). Nonetheless, our previous discussions of the subject suggest that even when the trial judge adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous. United States v. MarineBancorporation, supra, at 615, n. 13, 94 S.Ct., at 2866, n. 13; UnitedStates v. El Paso Natural Gas Co., supra, 376 U.S., at 656-657,84 S.Ct., at 1047-1048". Id. at 572, 105 S.Ct. at 1510-11. This court has likewise held that this procedure is not prohibited. State v. Erwin
(April 8, 1998), 5th Dist. No. 97 CA32.
 {¶ 27} The trial court did not err in adopting the Findings of Fact and Conclusions of Law submitted by the State.
 II. {¶ 28} In his Second Assignment of Error, appellant claims the trial court erred when it promised appellant Findings of Fact and Conclusions of Law would be filed concerning the denial of his petition by June 15, 2005. We disagree.
 {¶ 29} On May 11, 2005 the trial court in the instant case overruled appellant's petition for post-conviction relief without findings of facts and conclusions of law. On May 20, 2005, appellant filed his motion requesting the trial court issue findings of fact and conclusions of law. On June 2, 2005, appellant filed his Notice of Appeal with this Court. On June 21, 2005, the trial court filed a judgment entry overruling appellant's petition which contained Findings of Facts and Conclusions of Law.
 {¶ 30} Civ. R. 52 does not impose a time limit upon the trial court's issuance of findings of fact and conclusions of law after a party submits a request. We find thirty-two (32) days from the appellant's request for findings of fact and conclusions of law to the trial court's filing of those findings of fact and conclusions of law is a reasonable time period.
 {¶ 31} As appellant's right to appeal the trial court's decision of June 21, 2005 has not been compromised by the six (6) day delay between June 15 and June 21, 2005 no error, structural or otherwise, has occurred.
 {¶ 32} Appellant's Second Assignment of Error is overruled.
 III. {¶ 33} In his Third Assignment of Error, appellant argues that the trial court attempted to make him miss the deadline for filing his appeal from the denial of his petition by not ruling upon his Motion for Reconsideration. We disagree.
 {¶ 34} On May 11, 2005 the trial court in the instant case overruled appellant's petition for post-conviction relief without findings of facts and conclusions of law. On May 20, 2005, appellant filed his motion requesting the trial court issue findings of fact and conclusions of law. Also on May 20, 2005, appellant filed a Motion to Reconsider the trial court's overruling of his petition. On June 2, 2005, appellant filed his Notice of Appeal with this Court. On June 21, 2005, the trial court filed a Judgment Entry overruling appellant's petition which contained Findings of Facts and Conclusions of Law.
 {¶ 35} It is axiomatic that the trial court issued its Findings of Fact and Conclusions of Law after the appellant filed his motion to reconsider. Accordingly, the trial court overruled the appellant's motion for reconsideration when it entered its Judgment Entry of June 21, 2005 overruling the petition.
 {¶ 36} Further, it is well settled that a motion for reconsideration of a final judgment is a nullity. Pitts v. Ohio Dept. of Trans. (1981),67 Ohio St.2d 378, 379, 423 N.E.2d 1105; Dunkle v. Dunkle (Oct. 17, 2001), 9th Dist. No. 20502, at 4. The rules of civil procedure do not provide for such a motion. Pitts, 67 Ohio St.2d at 380, 423 N.E.2d 1105.
 {¶ 37} As appellant's right to appeal the trial court's decision of June 21, 2005 has not been compromised we find no error.
 {¶ 38} Appellant's Third Assignment of Error is overruled.
 IV. V. {¶ 39} In his Fourth and Fifth Assignments of Error appellant claims the trial court erred in sentencing him to prison terms in light of the decisions of the United States Supreme Court in United States v. Booker
(2005), 125 S.Ct. 738, Apprendi v. New Jersey (2000), 530 U.S. 466, andBlakely v. Washington (2004), 542 U.S. 296. We disagree.
 {¶ 40} At the outset we would note that appellant's petition challenging the judgment entry imposing a prison sentence in the cases at bar is untimely. R.C. 2953.21(A) (2) states a "a petition for post-conviction relief shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 41} Appellant was given a prison sentence by the Judgment Entry of May 7, 2003. Appellant did not file a direct appeal of that sentence with this court. Appellant's petition was filed in the case at bar on April 6, 2005. This is well beyond the 180 day limit of R.C. 2953.21(A) (2). However, exceptions for late filings are provided for in R.C. 2953.23
which states the following in pertinent part:
 {¶ 42} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 {¶ 43} "(1) Both of the following apply:
 {¶ 44} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 45} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 46} In his petition, appellant did not provide a basis under R.C.2953.21(1) (b) which is a requirement to avoid the filing deadline.
 {¶ 47} Finally, the United States Supreme Court has not made the decision in Blakely v. Washington(2004), ___ U.S. ____, 124 S.Ct. 2531,159 L.Ed.2d 403 retroactive to cases already final on direct review. SeeIn re Dean(11th Cir. 2004), 375 F.3d 1287, 1290 ("Because Blakely, likeRing, is based on an extension of Apprendi, Dean cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review."); McBride v. State(Fla.Dist.Ct.App. 2004),884 So.2d 476, 478 ("We further hold that Blakely does not apply retroactively to cases on collateral review."); State v. Petschl
(Minn.Ct.App. 2004), 688 N.W.2d 866, 2004 WL 2663594, at *7 ("Blakely has the same procedural effect as Apprendi, increasing the accuracy of the sentence but not the conviction. Because the Blakely rule does not improve the accuracy or fairness of a trial, we conclude that it is not a watershed rule subject to retroactive application on collateral review.").
 {¶ 48} Nonetheless, even had Blakely announced a new rule of law, our conclusion that the appellant would not be entitled to have a jury, rather than the sentencing court, determine the factors set forth in R.C. 2929.13 would not change.
 {¶ 49} In State v. Iddings (November 8, 2004), Delaware App. No. 2004CAA06043, ¶ 12, this court examined the Apprendi and Blakely
decisions and found they "do not obviate entirely judicial discretion in sentencing a criminal defendant. Rather, the trial courts maintain discretion to select a sentence within the range prescribed by the legislature." This court further held at ¶ 20-21:
 {¶ 50} "None of the factors set forth in either 2929.13(B) or 2929.14(B) subject an offender to a prison term in excess of what the law provides as the maximum sentence for a felony of the fourth or fifth degree. The Legislature has simply codified factors that sentences courts have always considered when deciding to sentence a defendant within the range permitted by statute. The fact that the legislature has chosen certain of the traditional sentencing factors and dictated the precise weight to be given those factors does not evade the requirements of theFifth and Sixth Amendments. Harris v. United States, supra,536 U.S. at 568, 122 S.Ct. at 2420. (Citing McMillan v. Pennsylvania
(1986), 477 U.S. 79, 106 S.Ct. 2411).
 {¶ 51} "Accordingly, a jury is not required to find the factors set forth in R.C. 2929.13(B) (2) or R.C. 2929.14(B) before a judge may impose a prison sentence for the conviction of a fourth or fifth degree felony."
 {¶ 52} Based upon the forgoing, we find the trial court did not err in sentencing appellant in light of Apprendi and Blakely and Booker.
 {¶ 53} Appellant's Fourth and Fifth Assignments of Error are overruled.
 VI. {¶ 54} In his Sixth Assignment of Error appellant argues the trial court erred in not conducting an evidentiary hearing on his petition for post-conviction relief. We disagree.
 {¶ 55} Under R.C. 2953.21, a petitioner seeking post conviction relief is not automatically entitled to an evidentiary hearing. State v.Calhoun (1999), 86 Ohio St.3d 279, 281, 282, 714 N.E.2d 905. Significantly, the Ohio Supreme Court has held that the proper basis for dismissing a petition for post conviction relief without holding an evidentiary hearing include: 1) the failure of the petitioner to set forth sufficient operative facts to establish substantive grounds for relief, and 2) the operation of res judicata to bar the constitutional claims raised in the petition. Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; State v. Lentz (1994), 70 Ohio St.3d 527, 530,639 N.E.2d 784.
 {¶ 56} R.C. 2953.21 does not expressly mandate a hearing for every post-conviction relief petition; therefore, a hearing is not automatically required. In determining whether a hearing is required, the Ohio Supreme Court in State v. Jackson (1980), 64 Ohio St.2d 107, stated the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavits, and the files and records of the case.
 {¶ 57} As the Supreme Court further explained in Jackson, supra, "[b]road assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction relief petitions." Id. at 111. Rather, a petitioner must submit evidentiary documents containing sufficient operative facts to support his claim before an evidentiary hearing will be granted. Accordingly, "a trial court properly denies a defendant's petition for post conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C).
 {¶ 58} In light of our disposition of appellant's five assignments of error, supra, we find that the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that appellant set forth sufficient operative facts to establish substantive grounds for relief. Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C).
 {¶ 59} Accordingly, the trial court properly denied appellant's petition for post conviction relief without holding an evidentiary hearing.
 {¶ 60} Appellant's Sixth Assignment of Error is overruled.
 {¶ 61} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
Gwin, J., Boggins, P.J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed. Costs to appellant.