OPINION
{¶ 1} Defendant-appellant Thomas A. Clark, Jr. appeals the April 20, 2005 Judgment Entry entered by the Delaware County Court of Common Pleas, which denied his Motion for the Vacating and Correction of Sentence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On September 14, 2001, the Delaware County Grand Jury indicted appellant on one count of aggravated burglary, two counts of felonious assault, and one count of attempted murder. Appellant appeared before the trial court on November 26, 2001, withdrew his former pleas of not guilty, and entered pleas of guilty to one count of burglary, a felony of the fourth degree, a lesser included offense of the crime of aggravated burglary; and one count of felonious assault, a felony of the second degree. The State entered a "Nolle Prosequi" with respect to the remaining counts. At the sentencing hearing on January 18, 2002, the trial court sentenced appellant to terms of imprisonment of seventeen months on the burglary count, and seven years on the felonious assault count. The trial court ordered the sentences run consecutively.
 {¶ 3} Appellant filed a Motion to Pursue Delayed Appeal on November 7, 2002, which this Court dismissed via Judgment Entry filed December 9, 2002. Appellant filed a second motion for delayed appeal on December 16, 2004, which this Court denied via Judgment Entry filed January 19, 2005. On November 15, 2004, appellant filed a Motion for the Vacating and Correction of Sentence, which the trial court denied via Judgment Entry filed April 20, 2005.
 {¶ 4} It is from that entry appellant appeals, raising as his sole assignment of error:
 {¶ 5} "I. THE TRIAL COURT ERRED AND ABUSED IT'S DISCRETION BY SENTENCING THE DEFENDANT-APPELLANT TO MORE THAN THE MINIMUM PRISON SENTENCE WHEN HE HAD NOT PREVIOUSLY SERVED A PRISON TERM, THUS VIOLATING THE DEFENDANT'S SIXTH AMENDMENT RIGHT TO JURY AND THE U.S. SUPREME COURT'S DECISIONS IN APPRENDI V NEW JERSEY
(2000) AND BLAKELY V WASHINGTON (2004).
 I {¶ 6} Herein, appellant contends the trial court erred in denying his motion to vacate and correct sentence as such was not in compliance with the United States Supreme Court rulings inApprendi v. New Jersey (2000), 530 US 466; and Blakely v.Washington (2004), 542 US 296, 124 S.Ct. 2531.
 {¶ 7} As stated supra, appellant made two unsuccessful attempts to file delayed appeals. Appellant raised the Blakely
issue for the first time in his Motion for the Vacating and Correction of the Sentence. This Court as well as numerous other state and federal courts have found Blakely does not apply retroactively to cases already final on direct review. State v.Craig, Licking App. No. 2005CA16, 2005-Ohio-5300; See, also,State v. Myers, Franklin App. No. 05AP-228, 2005-Ohio-5998
(concluding Blakely does not apply retroactively to cases seeking collateral review of a conviction); State v. Cruse,
Franklin App. No. 05AP-125, 2005-Ohio-5095; State v. Stillman,
Fairfield App. No. 2005-CA-55, 2005-Ohio-6299 (concluding U.S. Supreme Court did not make Blakely retroactive to cases already final on direct review); In re Dean (C.A.11, 2004),375 F.3d 1287; Cuevas v. Derosa (C.A.1, 2004), 386 F.3d 367; UnitedStates v. Stoltz (D.Minn. 2004), 325 F.Supp.2d 982; UnitedStates v. Stancell (D.D.C. 2004), 346 F.Supp.2d 204; UnitedStates v. Traeger (N.D.Ill. 2004), 325 F.Supp.2d 860. Therefore, we find appellant's argument based upon Blakely unpersuasive as this sentencing issue is not being raised on direct review.
 {¶ 8} Appellant's sole assignment of error is overruled.
 {¶ 9} The judgment of the Delaware County Court of Common Pleas is affirmed.
By: Hoffman, J. Wise, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] A Statement of the Facts is not necessary for our disposition of appellant's assignment of error.