OPINION
{¶ 1} Defendant-appellant Joseph Butts appeals the August 18, 2005 Judgment Entry entered by the Licking County Court of Common Pleas, which denied his Motion to Recall Mandate Pursuant to O.R.C. Codes 2929.11 through 2929.19. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On December 3, 1998, the Licking County Grand Jury indicted appellant for aggravated vehicular homicide, involuntary manslaughter, driving under the influence, reckless operation, driving under suspension, failure to stop after an accident, operating a motor vehicle without reasonable control, tampering with evidence, and possession of marijuana. Appellant appeared for arraignment on December 7, 1998, and entered pleas of not guilty to each count. On January 22, 1999, appellant withdrew his pleas of not guilty and entered pleas of no contest to each of the counts. The trial court accepted the pleas, convicted appellant of each count, and proceeded to sentencing.
 {¶ 3} Via Judgment Entry filed January 25, 1999, the trial court sentenced appellant to five years imprisonment on the aggravated vehicular homicide count, and five years in prison on the involuntary manslaughter count. The trial court ordered the terms run concurrently to each other, but consecutively to another five year prison term for tampering with evidence. The trial court also imposed concurrent six month jail terms for driving under the influence and driving under suspension. These concurrent terms were ordered to be served consecutively to a six month jail term for failure to stop after an accident. The trial court fined appellant, and permanently revoked his driver's license. Appellant appealed his sentences to this Court, which affirmed in part, vacated in part and remanded for further proceedings. State v. Butts (September 30, 1999), Licking App. No. 99CA0029, unreported. The trial court re-sentenced appellant via Judgment Entry filed December 9, 1999.
 {¶ 4} On February 15, 2005, appellant filed a Notice of Appeal from the December 9, 1999 Judgment Entry. Via Judgment Entry filed March 29, 2005, this Court found appellant had not established good cause for his delayed appeal, denied said application, and dismissed the appeal. On July 15, 2005, appellant filed a Motion to Recall Mandate pursuant to O.R.C.2929.11 through 2929.19 in the trial court. Appellant argued his sentence was contrary to law and the recent decisions ofApprendi, Blakely, Booker, and Comer. Via Judgment Entry filed August 18, 2005, the trial court denied appellant's motion, finding Blakely did not apply to Ohio's sentencing scheme and did not apply retroactively.
 {¶ 5} It is from that judgment entry appellant appeals, raising the following assignments of error:
 {¶ 6} "I. THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY IMPOSING NON-MINIMUM AND CONSECUTIVE SENTENCES WITHOUT FINDINGS BY A JURY OR ADMISSIONS BY DEFENDANT OF THE FACTORS NECESSARY TO SUPPORT THOSE SENTENCES.
 {¶ 7} "II. THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY IMPOSING NON-MINIMUM AND CONSECUTIVE SENTENCES WHEN THE RECORD DID NOT ESTABLISH THE FACTORS NECESSARY TO SUPPORT THOSE SENTENCES."
 I {¶ 8} In his first assignment of error, appellant maintains the trial court erred in imposing non-minimum and consecutive sentences without findings by a jury or admissions by appellant of the factors necessary to support those sentences.
 {¶ 9} In February, 2005, appellant attempted to file a delayed appeal from the trial court's December 9, 1999 Judgment Entry, which re-sentenced him upon this Court's remand. This Court found appellant had not established good cause for the delay and dismissed the appeal. At this point, the case was final and no longer on direct review. Thereafter, appellant filed a motion to recall mandate in the trial court, which is, essentially, a petition to vacate or set aside judgment of sentence. Therein, appellant raised the Blakely issue for the first time. This Court has previously held Blakely does not apply retroactively to cases already final on direct review.State v. Craig, Licking App. No. 2005CA16, 2005-Ohio-5300; See, also, State v. Myers, Franklin App. No. 05AP-228,2005-Ohio-5998 (concluding Blakely does not apply retroactively to cases seeking collateral review of a conviction); State v.Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095; State v.Stillman, Fairfield App. No. 2005-CA-55, 2005-Ohio-6299
(concluding U.S. Supreme Court did not make Blakely retroactive to cases already final on direct review); In re Dean (C.A.11, 2004), 375 F.3d 1287; Cuevas v. Derosa (C.A.1, 2004),386 F.3d 367; United States v. Stoltz (D.Minn. 2004), 325 F.Supp.2d 982;United States v. Stancell (D.D .C. 2004), 346 F.Supp.2d 204;United States v. Traeger (N.D.Ill. 2004), 325 F.Supp.2d 860. Therefore, we find appellants' argument based upon Blakely
unpersuasive as this sentencing issue is not being raised on direct review.
 {¶ 10} Appellant's first assignment of error is overruled.
 II {¶ 11} In his second assignment of error, appellant submits the trial court erred in imposing non-minimum, consecutive sentences as the record did not establish the factors necessary to support those sentences.
 {¶ 12} We overrule appellant's second assignment of error on the authority of State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856.
 {¶ 13} The judgment of the Licking County Court of Common Pleas is affirmed.
By: Hoffman, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] A Statement of the underlying facts is not necessary to our disposition of this appeal.