OPINION
{¶ 1} Defendant-appellant Ronald Chester Lipford appeals the April 4, 2005 Judgment Entry of the Stark County Court of Common Pleas reimposing his prison sentence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In 2001, appellant was charged by indictment with one count each of perjury, arson and insurance fraud. Appellant entered a plea of guilty to each of the charges. Via Judgment Entry of August 29, 2001, the trial court sentenced appellant to a community control sanction for three years. Appellant did not appeal either his conviction or sentence.
 {¶ 3} In October 2003, the trial court found appellant an absconder, and tolled the period of probation pending his arrest. On March 15, 2004, the trial court revoked appellant's community control sanction, and imposed a seventeen month prison sentence on the arson conviction and a consecutive seventeen month prison sentence on the insurance fraud conviction. The trial court terminated probation for the perjury charge finding appellant served his sentence for the offense.
 {¶ 4} On May 21, 2004, the trial court, via Judgment Entry, granted appellant judicial release, and again placed appellant on a community control sanction for a period of three years.
 {¶ 5} On April 4, 2005, following a hearing, the trial court revoked appellant's probation and reimposed the original sentence of two consecutive seventeen month prison sentences.
 {¶ 6} On February 3, 2006, this Court granted appellant leave to file a delayed appeal from the trial court's April 4, 2005 Judgment Entry.
 {¶ 7} Appellant assigns the following as sole error:
 {¶ 8} "I. BECAUSE R.C. 2929.14(E)(4) AND 2929.41(A) REQUIRE JUDICIAL FINDING OF FACTS NOT PROVEN TO A JURY BEYOND A REASONABLE DOUBT OR ADMITTED BY THE DEFENDANT BEFORE THE IMPOSITION OF CONSECUTIVE SENTENCES, THEY ARE UNCONSTITUTIONAL AND THE APPELLANT IS ENTITLED TO BE RESENTENCED."
 {¶ 9} In his sole assignment of error, appellant argues R.C.2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before imposition of consecutive sentences; therefore, they are unconstitutional pursuant to Blakely v.Washington (2004), 542 U.S. 296.
 {¶ 10} Upon review of the record, appellant did not appeal the March 15, 2004 Judgment Entry imposing a prison sentence upon revocation of his community control sanction. Neither did appellant appeal the trial court's May 21, 2004 Judgment Entry granting him judicial release and imposing another community control sanction.
 {¶ 11} Appellant asserts on appeal he is entitled to have his prison sentence vacated and his case remanded to the trial court for a new sentencing hearing pursuant to State v. Foster109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 12} This court, as well as numerous other state and federal courts, has found Blakely does not apply retroactively to cases already final on direct review. State v. Clark,
Delaware App. No. 05CAA05025, 2006-Ohio-1755; State v. Craig,
Licking App. No. 2005CA16, 2005-Ohio-5300; See, also, State v.Myers, Franklin App. No. 05AP-228, 2005-Ohio-5998 (concludingBlakely does not apply retroactively to cases seeking collateral review of a conviction); State v. Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095; State v. Stillman, Fairfield App. No. 2005-CA-55, 2005-Ohio-6299 (concluding U.S. Supreme Court did not make Blakely retroactive to cases already final on direct review); In re Dean (C.A.11, 2004), 375 F.3d 1287;Cuevas v. Derosa (C.A.1, 2004), 386 F.3d 367; United States v.Stoltz (D.Minn. 2004), 325 F.Supp.2d 982; United States v.Stancell (D.D.C. 2004), 346 F.Supp.2d 204; United States v.Traeger (N.D.Ill. 2004), 325 F.Supp.2d 860. Appellant did not timely appeal his March 15, 2004 sentence in the Stark County Court of Common Pleas. Therefore, we find appellants' argument based upon Blakely unpersuasive as this sentencing issue is not being raised on direct review.
 {¶ 13} Appellant's sole assignment of error is overruled, and the April 4, 2005 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J. Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment Entry of the Stark County Court of Common Pleas is affirmed. Costs are assessed to appellant.