OPINION *Page 2 
{¶ 1} On October 22, 1999, the Delaware County Grand Jury indicted appellant, Bradley Tapp, on two counts of felonious assault in violation of R.C. 2903.11 and two counts of aggravated assault in violation of R.C. 2903.12. Said charges arose from an incident wherein appellant punched and kicked two individuals after one of the individuals had confronted him about punching a number of mailboxes and the second individual came to his aid.
 {¶ 2} On February 14, 2000, appellant pled guilty to the two counts of felonious assault. The aggravated assault charges were dismissed. A sentencing hearing was held on March 29, 2000. By judgment entry filed March 30, 2000, the trial court sentenced appellant to seven years on each count, to be served consecutively. On same date, appellant filed a motion for reconsideration. By judgment entry filed April 10, 2000, the trial court denied the motion. Appellant appealed, and this court affirmed the trial court's sentence. State v. Tapp (December 13, 2000), Delaware App. No. 00CA-A-04-011.
 {¶ 3} On December 1, 2000, appellant filed a petition for postconviction relief and motion to withdraw his guilty pleas. A hearing was held on May 21, 2001. By judgment entry filed June 13, 2001, the trial court denied both the petition and motion. Appellant appealed this ruling, and this court affirmed the trial court's decision. State v.Tapp, Delaware App. No. 01CA-A-07-027, 2002-Ohio-365.
 {¶ 4} On October 8, 2003, appellant filed another motion to withdraw his guilty pleas. A hearing was held on November 25, 2003. By judgment entry filed December 5, 2003, the trial court denied the motion. *Page 3 
 {¶ 5} On June 15, 2006, appellant filed a motion for resentencing. A hearing was held on November 3, 2006. By judgment entry filed December 11, 2006, the trial court denied the motion.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 7} "THE TRIAL COURT ERRED WHEN IT OVERRULED DEFENDANT'S MOTION TO RESENTENCE BASED ON STATE V. CLARK, WHICH HELD THAT BLAKELY V.WASHINGTON WAS NOT RETROACTIVE."
 I {¶ 8} Appellant claims the trial court erred in denying his motion for resentencing. Specifically, appellant claims the rulings in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, and Blakely v. Washington
(2004), 542 U.S. 296, should be applied retroactively to his case. We disagree.
 {¶ 9} Appellant argues the holdings in Foster and State v.Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, wherein certain sections of Ohio's sentencing laws were deemed unconstitutional and therefore sentences imposed pursuant to these sections were void, should be applied to his case, rendering his sentence void and subject to resentencing.
 {¶ 10} In State v. Clark, Delaware App. No. 05CAA05025,2006-Ohio-1755, ¶ 7, this court held the following:
 {¶ 11} "This Court as well as numerous other state and federal courts have found Blakely does not apply retroactively to cases already final on direct review. State v. *Page 4 Craig, Licking App. No. 2005CA16, 2005-Ohio-5300; See, also, State v.Myers, Franklin App. No. 05AP-228, 2005-Ohio-5998 (concludingBlakely does not apply retroactively to cases seeking collateral review of a conviction); State v. Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095; State v. Stillman, Fairfield App. No. 2005-CA-55,2005-Ohio-6299 (concluding U.S. Supreme Court did not makeBlakely retroactive to cases already final on direct review); In reDean (C.A.11, 2004), 375 F.3d 1287; Cuevas v. Derosa (C.A.1, 2004),386 F.3d 367; United States v. Stoltz (D.Minn.2004), 325 F.Supp.2d 982;United States v. Stancell (D.D.C.2004), 346 F.Supp.2d 204; United Statesv. Traeger (N.D.Ill.2004), 325 F.Supp.2d 860."
 {¶ 12} Appellant argues although Foster was decided after appellant was sentenced, Foster merely followed the dictates of Apprendi v. NewJersey, (2000), 530 U.S. 466, and Blakely, and Apprendi was decided before he was sentenced. Therefore, Clark does not apply and his sentence should be deemed void and the matter should be remanded for resentencing.
 {¶ 13} It is undisputed that appellant's sentence was final prior to the filing of the appeal herein. While we acknowledge appellant's argument, we adhere to our decision in Clark. As noted by the Supreme Court of Ohio in Foster at ¶ 5, the Apprendi rule was broadened inBlakely.
 {¶ 14} In addition, appellant is attacking his sentence collaterally via a denial of a motion for resentencing. This court has consistently held Foster does not apply to collateral attacks such as petitions for postconviction relief. State v. Comerford, Delaware App. No. 06CAA090061, 2007-Ohio-1078; State v. Pryor, Fairfield App. No. 06 CA 28, 2006-Ohio-6724. *Page 5 
 {¶ 15} Upon review, we find the trial court did not err in denying appellant's motion for resentencing based on the retroactive application of Foster and Blakely.
 {¶ 16} The sole assignment of error is denied.
 {¶ 17} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
 Farmer, J. Hoffman, P.J. and Edwards, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed. *Page 1