OPINION
{¶ 1} On September 13, 2002, the Fairfield County Grand Jury indicted appellant, Christopher Cates, on one count of robbery in violation of R.C. 2911.02, one count of failure to appear in violation of R.C. 2937.29 and one count of theft in violation of R.C. 2913.02. Said charges arose from an incident wherein appellant struck an individual, knocked him down and stole his wallet.
 {¶ 2} On December 23, 2002, appellant pled guilty as charged. By judgment entry filed January 3, 2003, the trial court sentenced appellant to five years on the robbery count, twelve months on the failure to appear count and six months on the theft count. The sentences on the robbery and failure to appear counts were ordered to be served consecutively.
 {¶ 3} Appellant filed an appeal raising as his sole assignment of error that the trial court erred in sentencing him to consecutive sentences. See, State v. Cates, 5th Dist. No. 03CA06, 2003-Ohio-4376. [Hereinafter Cates I]. We affirmed the trial court finding that trial court made the requisite statutory findings in imposing consecutive sentences on appellant's convictions for robbery, failure to appear, and theft in both its judgment entry and during sentencing hearing; the court found consecutive sentences were necessary to protect the public from future crime, that no single term adequately reflected the seriousness of defendant's conduct, that appellant was likely to re-offend, that appellant was out on bond when he committed the offense, that appellant had been previously convicted to two felonies, and that victim suffered serious harm. Id.
 {¶ 4} On February 8, 2005, appellant filed a motion with the trial court requesting a modification of the sentence originally imposed and affirmed on appeal. In appellant's first motion appellant argued for intervention in lieu of conviction. (Appellant's Motion for Modification or Reduction of Sentence filed February 8, 2005). The State's Memorandum Contra pointed out that appellant did not apply for intervention before entering his plea and that appellant was not eligible for intervention due to prior felony convictions. (Memorandum Contra filed February, 10, 2005 at 2). The trial court "reviewed the pleadings, the applicable law, and the contents of defendants file" and found that "the defendant [was] not, as a matter of law entitled to the requested relief" and therefore overruled appellant's motion without a hearing. (Judgment Entry filed February 23, 2005).
 {¶ 5} Appellant did not file an appeal from the trial court's denial of the February 8, 2005 motion.
 {¶ 6} On July 21, 2005, a second motion to modify the sentence imposed was filed by appellant. In appellant's second motion for a modification or reduction of sentence, appellant requested judicial release. (Appellant's Motion for Modification or Reduction of Sentence filed July 21, 2005). Appellant's motion contained no citations to authority and the State argued appellant's motion did not comply with Crim. R. 47. (Memorandum Contra filed July 27, 2005 at 2). Additionally, the State argued appellant was not eligible for judicial release because appellant had not served five years incarceration as required by R.C.2929.20(B) (4). (Id. at 2-3). The trial court reviewed "the facts of this case and the applicable law" and found that "factually and legally the defendant [was] not entitled to Modification and Reduction of his sentence" and therefore overruled appellant's motion without a hearing. (Judgment Entry, filed August 2, 2005). Appellant did not file an appeal from the trial court's denial of the July 21, 2005 motion.
 {¶ 7} A third motion to modify sentence was filed by appellant on September 9, 2005. In appellant's third motion for a modification or reduction of sentence, appellant argued his sentence violated the United States Supreme Court decision inBlakely v. Washington (2004), ___ U.S. ___, 124 S.Ct. 2531,159 L.Ed.2d 403. (Appellant's Motion for Modification or Reduction of Sentence filed Sept. 9, 2005). Specifically, appellant argued the trial court erred by sentencing appellant to more than the minimum of two years for a second degree felony. (Id. at 6). The State argued the Blakely case was inapplicable to the facts of this case and that appellant's petition was not timely filed pursuant to R.C. 2953.21(A) (2). (Memorandum Contra filed Sept. 9, 2005). The trial court reviewed "the facts of this case and the applicable law" and found that "factually and legally the defendant [was] not entitled to Modification and Reduction of his sentence" and therefore overruled appellant's motion without hearing. (Judgment Entry, filed September 26, 2005).
 {¶ 8} On October 7, 2005, appellant filed a notice of appeal under Fairfield County Appellate Case Number 05-CA-96. On October 28, 2005, this appeal was dismissed for failure to comply with App.R.3 (D). A second notice of appeal was filed on October 25, 2005, which gives rise to the instant matter.
 {¶ 9} Appellant was appointed counsel to represent him in the instant appeal and this matter is now before this court for consideration of the following sole assignment of error:
 {¶ 10} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING, WITHOUT BENEFIT OF AN ORAL HEARING, THE SEVERAL MOTIONS OF THE APPELLANT TO MODIFY THE SENTENCE IMPOSED".
 I. {¶ 11} Appellant claims the trial court erred in not affording him a hearing on his motions. We disagree.
 {¶ 12} At the outset we note that App.R. 4(A) states: "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 13} App.R. 5(A) provides, in relevant part: "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:
 {¶ 14} "(a) Criminal proceedings;
 {¶ 15} "(b) Delinquency proceedings; and
 {¶ 16} "(c) Serious youthful offender proceedings.
 {¶ 17} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right."
 {¶ 18} In this appeal, appellant has neither complied with the thirty-day rule set forth in App.R. 4(A), nor did he seek leave to appeal with respect to the trial court's February 23, 2005 and August 2, 2005 Judgment Entries overruling appellant's motions to modify his sentence. Appellant having failed to timely file his notice of appeal from those entries, we lack jurisdiction to consider any error relative to the February 23, 2005 and August 2, 2005 Judgment Entries.
 {¶ 19} With respect to the appellant's third motion to modify sentence filed by appellant on September 9, 2005 we note the caption of a pro se pleading does not definitively define the nature of the pleading. State v. Reynolds, 79 Ohio St.3d 158,1997-Ohio-304. In Reynolds, the Ohio Supreme Court found, despite its caption, the appellant's pleading met "the definition of a motion for post-conviction relief set forth in R.C.2953.21(A) (1), because it is a motion that was (1) filed subsequent to Reynolds's direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." Pursuant to Reynolds, we find appellant's Motion for Modification or Reduction of Sentence filed Sept. 9, 2005 is a petition for post conviction relief as defined in R.C. 2953.21.
 {¶ 20} Post conviction efforts to vacate a criminal conviction or sentence on constitutional grounds are governed by R.C. 2953.21, which provides:
 {¶ 21} "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony, who is an inmate, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."
 {¶ 22} Pursuant to R.C. 2953.21(A) (2), a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the Supreme Court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 23} The record indicates appellant did file a direct appeal in this matter with a transcript. The transcript was filed in this Court on April 11, 2003. Therefore, under R.C. 2953.21(A) (2), appellant was required to file his petition "* * * no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 24} Appellant did not file his petition for post-conviction relief until May 16, 2005, which is well beyond the time period provided for in the statute. Because appellant's petition was untimely filed, the trial court was required to entertain appellant's petition only if he could meet the requirements of R.C. 2953.23(A). This statute provides, in pertinent part:
 {¶ 25} "* * * [A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
 {¶ 26} "(1) Either of the following applies:
 {¶ 27} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 28} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 29} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 30} The United States Supreme Court has not made the decision in Blakely v. Washington (2004), ___ U.S. ___,124 S.Ct. 2531, 159 L.Ed.2d 403 retroactive to cases already final on direct review. See In re Dean (11th Cir. 2004), 375 F.3d 1287,1290 ("Because Blakely, like Ring, is based on an extension of Apprendi, Dean cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review."); McBride v. State (Fla.Dist.Ct.App. 2004),884 So.2d 476, 478 ("We further hold that Blakely does not apply retroactively to cases on collateral review."); State v.Petschl (Minn.Ct.App. 2004), 688 N.W.2d 866, 2004 WL 2663594, at *7 ("Blakely has the same procedural effect as Apprendi,
increasing the accuracy of the sentence but not the conviction. Because the Blakely rule does not improve the accuracy or fairness of a trial, we conclude that it is not a watershed rule subject to retroactive application on collateral review."). This Court as well as numerous other courts around the State have found Blakely does not apply retroactively to cases already final on direct review. State v. Craig, Licking App. No. 2005CA16, 2005-Ohio-5300; State v. Myers, Franklin App. No. 05AP-228, 2005-Ohio-5998 (concluding Blakely does not apply retroactively to cases seeking collateral review of a conviction); State v. Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095; State v. Stillman, Fairfield App. No. 2005-CA-55, 2005-Ohio-6299 (concluding U.S. Supreme Court did not make Blakely retroactive to cases already final on direct review).
 {¶ 31} In State v. Foster, ____ Ohio St.3d ____,2006-Ohio-856, the Supreme Court of Ohio recently held that R.C.2929.14(B), 2929.14(E)(4) and 2929.19(B)(2), as well as other sections of the Ohio Revised Code, violate the Sixth Amendment to the United States Constitution, pursuant to Blakely, supra andApprendi v. New Jersey (2000), 530 U.S. 466. The court then held that severance of the offending portions of the sentencing statute was the proper remedy, Foster, supra at ¶ 96, and that the cases before the court "and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent" with the court's opinion. Id. at ¶ 104. That is, consistent with the United States Supreme Court's holding inUnited States v. Booker (2005), 543 U.S. 220, the court inFoster only applied its holding retroactively to cases pending on direct review or not yet final. Id. at ¶ 106.
 {¶ 32} As previously stated, in Booker, supra, the United States Supreme Court limited its holdings in Blakely andApprendi to cases on direct review. Similarly, in Foster, the Ohio Supreme Court restricted retroactive application of its holding to cases on direct review. Appellant's case is before us on appeal from a denial of his petition for post-conviction relief, not from direct appeal. As such, appellant has failed to meet his burden under R.C. 2953.23(A) (1) to file an untimely petition for post-conviction relief and the trial court therefore lacked jurisdiction to entertain the petition. See State v.Kelly, 6th Dist. No. L-05-1237, 2006-Ohio-1399, at ¶ 12; Statev. Smith, 9th Dist. No. 05CA008772, 2006-Ohio-2045 at ¶ 9;State v. Luther, 9th Dist. No. 05CA008770, 2006-Ohio-2280
at ¶ 13.
 {¶ 33} We find that the trial court's denial is proper because the court was not statutorily authorized to entertain the petition because of its untimeliness. Id.
 {¶ 34} Therefore, we find appellant's argument based uponBlakely unpersuasive as this sentencing issue is not being raised on direct review.
 {¶ 35} Appellant's sole assignment of error is overruled.
 {¶ 36} The judgment of the Fairfield County Court of Common Pleas is affirmed.
By Gwin, J., Wise, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs to appellant.