OPINION
The matter is before the court on the pro se Notice of Appeal of Khiee S. Nesbitt, filed October 12, 2005. Nesbitt was indicted on March 29, 2003, on one count of rape in violation of R.C.2907.02, a felony of the first degree. On November 26, 2003, Nesbitt pled guilty, and the court sentenced him to an agreed sentence of five years and classified him as a sexually oriented offender, entering a Judgment Entry of Conviction on December 3, 2003.
Nearly two years later, on August 30, 2005, Nesbitt filed "On Motion of Recall of Judicial Mandate, Leave Respectfully Requested," pursuant to Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed. 403, asking the court to rescind his sentence. The trial court denied his motion, finding that the sentence "fell within the statutory range of sentences for the offense. Therefore, the Blakely case does not apply."
Nesbitt's sole assignment of error is as follows:
"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DENIED APPELLANT'S MOTION OF JUDICIAL RECALL OF MANDATE."
Nesbitt argues that "it is without doubt that appellant should have received the minimum [sentence] (but) the question now must turn upon is rather appellant without remedy due to his non-direct appeal status." The State concedes that "a remand for resentencing is appropriate", pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856.
Foster established a bright line rule that any pre-Foster
sentence to which the statutorily required findings of fact applied (i.e., nonminimum, maximum and consecutive sentences) pending on direct review at the time that Foster was decided, must be reversed and remanded for resentencing if the sentence is a subject of the appeal. The court in Foster only applied its holding retroactively to cases pending on direct review or not yet final. Clearly, the State of Ohio erroneously concedes error.
Nesbitt's case is before us not from direct appeal but on an appeal from a denial of his motion to have his sentence rescinded. Nesbitt's motion is akin to a petition for post-conviction relief, and we will treat it as such. Nesbitt did not file a direct appeal in this matter. Nesbitt's motion was untimely, pursuant to R.C. 2953.21(A), which provides that, in the absence of a direct appeal, "the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." Because Nesbitt's motion was untimely, Nesbitt was required to comply with R.C. 2953.23(A), which provides that "a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of [R.C. 2953.21] * * * unless division (A)(1) or (2) of this section applies:
"(1) Both of the following apply:
"(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applied retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
"(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
"(2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed under sections2953.71 to 2953.81 of the Revised Code or under section 2953.82
of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense, or if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death."
Nesbitt did not meet his burden under R.C. 2953.23 to file an untimely petition for post-conviction relief, and the trial court accordingly lacked jurisdiction over the petition. See State v.Cates, Fairfield App. No. 2005-CA-0097, 2006-Ohio-2836. "We find that the trial court's denial is proper because the court was not statutorily authorized to entertain the petition because of its untimeliness. * * * Therefore, we find appellant's argument based upon Blakely unpersuasive as this sentencing issue is not being raised on direct review." Id. Nesbitt's sole assignment of error is overruled. Judgment affirmed.
 . . . . . . . . . .
Grady, P.J. and Brogan, J., concur.