OPINION
{¶ 1} Appellant Kelly G. Baker appeals the August 9, 2005, denial of his Motion for Post-Conviction Relief.
 {¶ 2} Appellee is State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On July 31, 2003, Appellant Kelly G. Baker was indicted on one count of attempted murder, a violation of R.C. 2923.02 and one count of felonious assault, a violation of R.C. 2903.11.
 {¶ 4} On November 3, 2003, Appellant pled no contest to the one count of Felonious Assault. Pursuant to a negotiated plea, the charge of attempted murder was dismissed.
 {¶ 5} On November 17, 2003, the trial court sentenced Appellant to a prison term of seven (7) years.
 {¶ 6} Appellant did not file a direct appeal of his sentence or conviction.
 {¶ 7} On October 4, 2004, November 9, 2004, December 8, 2004, January 31, 2005, and February 24, 2005, Appellant filed motions for judicial release, all of which were denied.
 {¶ 8} On May 4, 2005, Appellant filed a motion for post-conviction relief.
 {¶ 9} On May 23, 2005, Appellant filed a supplement to his motion for post-conviction relief.
 {¶ 10} By Judgment Entry dated August 9, 2005, the trial court denied Appellant's Petition.
 {¶ 11} It is from the denial of said motion that Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 12} "I. WHETHER THE TRIAL COURT ERRED IN IMPOSING A NON-MINIMUM SENTENCE FOR THE OFFENCE [SIC] UPON APPELLANT KELLY G. BAKER AFTER HIS GUILTY PLEA TO THE INDICTMENT."
 {¶ 13} Supplemental Brief
 {¶ 14} "I. THE APPELLANT'S SENTENCE FOR THE FELONIOUS ASSAULT CHARGE IS UNCONSTITUTIONAL IN LIGHT OF RECENT U.S. SUPREME COURT DECISIONS.
 {¶ 15} "II. THIS COURT SHOULD VACATE THE TRIAL COURT'S SENTENCE AND REMAND FOR A NEW SENTENCING HEARING OR A JURY TRIAL."
 I. {¶ 16} In his sole assignment of error, appellant argues that the trial court erred in denying his motion for post-conviction relief pursuant to Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed. 403. We disagree.
 {¶ 17} The State concedes that "a remand for re-sentencing is appropriate", pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856.
 {¶ 18} Foster, supra, established a bright line rule that any pre-Foster sentence to which the statutorily required findings of fact applied (i.e., non-minimum, maximum and consecutive sentences) pending on direct review at the time thatFoster was decided, must be reversed and remanded for re-sentencing if the sentence is a subject of the appeal. The court in Foster only applied its holding retroactively to cases pending on direct review or not yet final. We therefore find that the State of Ohio erroneously concedes error.
 {¶ 19} Appellant's case is not before us on direct appeal but on an appeal from a denial of his motion for post-conviction relief. Appellant never filed a direct appeal in this matter.
 {¶ 20} Appellant's motion for post-conviction relief was untimely, pursuant to R.C. 2953.21(A), which provides that, in the absence of a direct appeal, "the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." Because Appellant's motion was untimely, Appellant was required to comply with R.C. 2953.23(A), which provides:
 {¶ 21} "a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of [R.C.2953.21] * * * unless division (A)(1) or (2) of this section applies:
 {¶ 22} "(1) Both of the following apply:
 {¶ 23} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applied retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 24} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 25} (2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under section2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense, or if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death."
 {¶ 26} Appellant failed to meet his burden under R.C. 2953.23
to file an untimely petition for post-conviction relief, and the trial court accordingly lacked jurisdiction over the petition. See State v. Cates, Fairfield App. No. 2005-CA-0097,2006-Ohio-2836.
 {¶ 27} Based on the foregoing, we find that the trial court's denial of Appellant's motion was proper because the trial court was not statutorily authorized to entertain the petition due to its untimeliness. We find appellant's argument based uponBlakely unpersuasive as this sentencing issue is not being raised on direct review.
 {¶ 28} Appellant's assignments of error are overruled.
 {¶ 29} The judgment in this case is affirmed.
Boggins, J. Wise, P.J and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Guernsey County Court of Common Pleas, is affirmed Costs assessed to appellant.