OPINION
{ ¶ 1} Appellant Gary Carter ("appellant") appeals the verdict and sentence rendered in the Stark County Court of Common Pleas that found him guilty of the offense of felonious assault. The following facts give rise to this appeal.
{ ¶ 2} On June 28, 2005, at approximately 1:00 a.m., appellant picked up the victim in this case, Charles Maske. Maske is a homosexual, transvestite, prostitute and is well-known for walking the streets of the City of Canton. Appellant and Maske have known each other for most of their lives. The two men discussed going somewhere to get high. Maske had no money for drugs, so appellant drove him to the 76 Truck Stop where he stole several t-shirts. The two men next traveled to a local crack house where Maske traded the t-shirts for a "20-cent piece" of crack cocaine. Appellant received crack cocaine "on credit."
{ ¶ 3} Thereafter, appellant drove Maske to his daughter's apartment, in Canton, where the two men got naked and smoked crack cocaine. According to Maske, the two men intended to have sex, but did not. However, appellant claims the two men engaged in both oral and anal sex. At some point, appellant went into the kitchen and returned with a butcher knife. Maske claims he does not know why appellant returned to the living room with the butcher knife. Maske further claims appellant began threatening him by circling his throat with the knife and stating, "Bitch you're going to die tonight."
{ ¶ 4} Appellant disagrees with this version of the events and instead alleges that he had the knife because he was in the process of making something to eat. Appellant claims he was dancing around with the knife when Maske began to behave erratically. Appellant asked Maske whether he had any sexually transmitted diseases. Appellant allegedly did not know that Maske had been diagnosed with A.I.D.S. in March 2005. Subsequently, Maske claims that appellant began punching at him with the butcher knife, attempting to stab him.
{ ¶ 5} Both men struggled for control of the knife. Maske grabbed the knife by its blade, but could not get it away from appellant. Eventually, Maske struck appellant, with an ashtray, and ran from the apartment to his niece's house. Maske sought treatment for his injuries at Mercy Medical Center. Maske had extensive injuries to his right hand and a cut across his left palm. Maske's injuries required surgery to repair.
{ ¶ 6} While Maske received treatment for his injuries, appellant cleaned his daughter's apartment and gathered Maske's clothes placing them in a plastic bag that he concealed in a baby stroller in his sister' backyard. When Detective Charles Lancaster, of the Canton Police Department, met with appellant, appellant stated that he did not think Maske would press charges against him. Maske voluntarily gave a statement to Detective Lancaster and showed him the evidence he had hidden at his sister's house.
{ ¶ 7} On August 12, 2005, the Stark County Grand Jury indicted appellant for one count of felonious assault. This matter proceeded to a jury trial on September 19, 2005. Following deliberations, the jury found appellant guilty as charged. On September 29, 2005, the trial court sentenced appellant to a prison term of four years. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
{ ¶ 8} "I. THE TRIAL COURT ERRED WHEN IT ENTERED A JUDGMENT OF CONVICTION AGAINST APPELLANT ON THE CHARGE OF FELONIOUS ASSAULT BECAUSE THE JURY'S FINDING OF GUILT WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
{ ¶ 9} "II. THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S DETERMINATION THAT A MINIMUM TERM OF IMPRISONMENT WAS NOT APPROPRIATE IN APPELLANT'S CASE."
 I { ¶ 10} In his First Assignment of Error, appellant contends the jury's verdict finding him guilty of felonious assault is against the manifest weight and sufficiency of the evidence. We disagree.
{ ¶ 11} In support of this assignment of error, appellant maintains the jury's finding of guilt was not supported by sufficient evidence because neither the testimony of Maske nor appellant provided any proof that appellant knew Maske would overreact to the knife or that appellant intended to cause Maske to grab the knife. Appellant further claims that by retreating from the living room to the kitchen, he did not intend for any type of confrontation to occur. As to his manifest weight argument, appellant claims that even if we find sufficient evidence of purpose, the jury's guilty verdict is against the manifest weight of the evidence because Maske was not a credible witness. Specifically, appellant maintains Maske lied about whether he and Maske had sex and whether Maske smoked crack cocaine on the evening in question.
{ ¶ 12} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
{ ¶ 13} We have reviewed the record in this matter and conclude the state presented sufficient evidence of every element of felonious assault. R.C. 2903.11(A)(1) sets forth the offense of felonious assault and provides, "No person shall knowingly * * * [c]ause serious physical harm to another or to another's unborn." Appellant essentially contends that the evidence does not support the conclusion that he acted knowingly. "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C.2901.22(B).
{ ¶ 14} In State v. Hosier, Morgan App. No. 2005-CA-016,2006-Ohio-5540, we recently explained that:
{ ¶ 15} "Whether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances including the doing of the act itself. [Citation omitted.] Thus,`[t]he test for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria. [Citations omitted.]'" Id. at ¶ 26.
{ ¶ 16} In the case sub judice, the surrounding facts and circumstances support the jury's conclusion that appellant acted knowingly when he caused serious physical harm to Maske. Maske suffered deep cuts to his hands. Dr. Bradley McKenney testified that the cut to Maske's right hand was so deep that it had to be the result of some type of violent motion, as opposed to Maske merely grabbing the knife as appellant alleged. Tr. Vol. II at 15.
{ ¶ 17} Further, in order to hide evidence of the crime, appellant cleaned the blood from his daughter's apartment and hid Maske's clothes, in a baby carriage, at his sister's house. Id. at 72-73. Appellant also removed the butcher knife from his daughter's apartment and cleaned it. Id. at 72. Finally, appellant's statement to Detective Lancaster that he didn't think Maske would file charges against him is inconsistent with his version of the events that Maske merely overreacted when he saw the butcher knife. We conclude this evidence is sufficient to support appellant's conviction for felonious assault.
{ ¶ 18} As noted above, appellant's manifest weight argument focuses on the credibility of Maske. At trial, Maske was frank in admitting his criminal past of theft and solicitation offenses. The weight to be given Maske's testimony was primarily for the jury to determine. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Based upon our review of the record, we do not find the jury clearly lost its way in resolving conflicts in the evidence regarding whether Maske smoked crack cocaine and engaged in sex acts with appellant. As such, appellant is not entitled to a new trial.
{ ¶ 19} Appellant's First Assignment of Error is overruled.
 II { ¶ 20} Appellant maintains, in his Second Assignment of Error, the record does not support the trial court's determination that a minimum term of imprisonment was inappropriate. We agree.
{ ¶ 21} Appellant argues the sentence imposed by the trial court was not commensurate with his conduct because it was disproportionate to the extent of harm caused Maske. Specifically, appellant refers to the fact that Maske knew he had A.I.D.S. prior to engaging in sex acts with him. The trial court sentenced appellant on September 29, 2005, prior to the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. In State v. Baker, Guernsey App. No. 05-CA-34,2006-Ohio-5532, we recently explained that:
{ ¶ 22} "Foster, * * *, established a bright line rule that any pre-Foster sentence to which the statutorily required findings of fact applied (i.e., non-minimum, maximum and consecutive sentences) pending on direct review at the time that Foster was decided, must be reversed and remanded for re-sentencing if the sentence is a subject of the appeal. The court in Foster only applied its holding retroactively to cases pending on direct review or not yet final." Id. at ¶ 18.
{ ¶ 23} In the matter currently before the court, since the trial court's imposition of more than the minimum sentence was made while R.C.2929.14(B) was effective and that section was subsequently found unconstitutional in Foster, appellant's sentence must be reversed and remanded for resentencing.
{ ¶ 24} Appellant's Second Assignment of Error is sustained.
{ ¶ 25} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio is hereby affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Wise, P. J. Gwin, J., and Farmer, J., concur.
 JUDGEMENT ENTRY.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Costs to be split equally between the parties.