OPINION *Page 2 
{¶ 1} Defendant-appellant Ronald Lipford appeals the June 13, 2007 Judgment Entry entered by the Stark County Court of Common Pleas, which denied his Motion for Specific Enforcement of Plea Agreement. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On March 23, 2001, the Stark County Grand Jury indicted Appellant on one count of perjury, in violation of R.C. 2921.11; one count of arson, in violation of R.C. 2909.03(A)(2); and one count of insurance fraud, in violation of R.C. 2913.47(B)(1). Appellant appeared before the trial court for arraignment on April 13, 2001, and entered a plea of not guilty to the indictment.
 {¶ 3} Prior to trial, Appellant advised the court he wished to withdraw his former plea of not guilty and enter a plea of guilty. Appellant executed a Plea of Guilty Form, which indicated the maximum prison term for perjury was five years; the maximum prison term for arson was twelve months; and the maximum prison term of insurance fraud was twelve months. The trial court accepted Appellant's change of plea, found him guilty as charged, and ordered a pre-sentence investigation. At the sentencing hearing on August 29, 2001, the trial court sentenced Appellant to three years of community control sanctions. The trial court advised Appellant a violation of any condition of his community control would lead to a more restricted sanction, including a prison term of up to five years. *Page 3 
 {¶ 4} On October 27, 2003, the trial court ordered a warrant be issued for Appellant's arrest. On March 15, 2004, the trial court revoked Appellant's community control sanctions, and imposed a seventeen month prison sentence on the arson conviction and a consecutive seventeen month prison sentence on the insurance fraud conviction. The trial court terminated Appellant's probation for the perjury charge, finding he served his sentence for the offense. The trial court memorialized the sentence via Journal Entry filed March 19, 2004. Appellant did not appeal the sentence.
 {¶ 5} Appellant filed a Motion for Judicial Release on April 20, 2004. Via Judgment Entry filed May 21, 2004, the trial court granted Appellant judicial release and again placed him on community control for a period of three years. On April 4, 2005, following a hearing, the trial court revoked Appellant's probation and reimposed the original sentence of two consecutive seventeen month prison terms. On February 3, 2006, this Court granted Appellant leave to file a delayed appeal from the trial court's April 4, 2005 Judgment Entry. This Court overruled Appellant's sole assignment of error, finding because Appellant did not timely appeal the March 19, 2004 Journal Entry/Sentencing Form, the case was not on direct review and Blakely v. Washington (2004), 542 US 296, was inapplicable. State of Lipford, Stark App. No. 2006CA00025,2006-Ohio-4240.
 {¶ 6} On April 6, 2007, Appellant filed a Motion for Relief from Void Judgment, then filed an addendum on April 11, 2007. Via Judgment Entries filed April 16, 2007, the trial court overruled both the motion for relief from void judgment and the addendum. *Page 4 
On May 22, 2007, Appellant filed a Motion for Specific Enforcement of Plea Agreement. The trial court denied Appellant's motion via Judgment Entry filed June 13, 2007.
 {¶ 7} It is from this judgment entry appellant appeals, raising as his sole assignment of error:
 {¶ 8} "I. WHETHER THE TRIAL COURT COMMITTED ERROR WHEN IT ACCEPTED THE NEGOTIATED GUILTY PLEA AGREEMENT ON THE RECORD TO IMPOSE A MAXIMUM PRISON SENTENCE OF TWELVE MONTH FOR THE ARSON AND INSURANCE FRAUD CHARGES FELONIES OF THE FOURTH DEGREE FOR AN AGGREGATE CONSECUTIVE TWENTY-FOUR MONTH PRISON SENTENCE, AND FAILED TO ENFORCE THE NEGOTIATED PRISON SENTENCES."
 I {¶ 9} In his sole assignment of error, Appellant maintains the trial court erred in denying his motion to enforce the plea agreement with the State of Ohio. Essentially, Appellant is attempting to enforce the sentence originally imposed by the trial court in its August 29, 2001 Judgment Entry.
 {¶ 10} Initially, we note the caption of Appellant's pro se pleading as a Motion for Specific Enforcement of Plea Agreement does not definitively define the nature of the pleading. State v. Reynolds, 79 Ohio St.3d 158, 1997-Ohio-304. In Reynolds, the Ohio Supreme Court found, despite its caption, an appellant's pleading which (1) is filed subsequent to appellant's time for filing a direct appeal; (2) claims the denial of constitutional rights; (3) seeks to render the judgment void or voidable; and (4) asks the trial court to vacate the judgment and sentence, is a petition for post-conviction relief pursuant to R.C.2953.21(A)(1). Id. at 160. *Page 5 
 {¶ 11} Post-conviction efforts to vacate a criminal conviction or sentence on constitutional grounds are governed by R.C. 2953.21, which provides:
 {¶ 12} "[A]ny person who has been convicted of a criminal offense* * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony, who is an inmate, * * *may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. R.C. 2953.21(A)(1).
 {¶ 13} "Except as provided in section 2953.23 of the Ohio Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date in which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication, or * * * If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing an appeal." R.C. 2953.21.
 {¶ 14} We find Appellant's motion constitutes a petition for post-conviction relief. Pursuant to R.C. 2953.21, Appellant was required to file his petition no later than one hundred and eighty days after the expiration of the time for filing the appeal of the trial court's March 19, 2004 Journal Entry. See, R.C. 2953.21(A)(2). We find Appellant's motion, which was filed almost three years after the expiration of the appeal period, to be untimely. Accordingly, we find the trial court properly denied Appellant's Motion for Specific Enforcement of Plea Agreement. *Page 6 
 {¶ 15} Further, Appellant's motion is barred by the doctrine of res judicata. It is well-settled "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post conviction relief if he or she could have raised the issue on direct appeal." Reynolds, supra at 161.
 {¶ 16} Appellant's sole assignment of error is overruled.
 {¶ 17} The judgment of the Stark County Court of Common Pleas is affirmed. By: Hoffman, P.J. Edwards, J. and Delaney, J. concur *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant.
[1] A Statement of the Facts underlying Appellant's original conviction is unnecessary to our disposition of this appeal. Any facts needed to clarify the issues addressed in Appellant's assignment of error shall be contained therein. *Page 1