OPINION
{¶ 1} Appellant appeals the February 23, 2006, decision of the Licking County Common Pleas Court denying his Motion for Post Conviction Relief.
 {¶ 2} Appellee is the State of Ohio.
 {¶ 3} Appellee did not file a brief in this matter. Pursuant to App.R. 18(C), in determining the appeal, we may accept appellant's statement of the facts and issues as correct, and reverse the judgment if appellant's brief reasonably appears to sustain such action. See State v. Rohrig (Apr. 2, 2001), Fairfield App. No. 00 CA 39, unreported and Chowdhury v.Fitzgerald (Mar. 27, 1997), Guernsey App. No. 96 CA 43, unreported. Therefore, we presume the validity of appellant's statement of facts and issues
 STATEMENT OF THE FACTS AND CASE {¶ 4} On August 1, 2003, Appellant entered pleas of "no contest" to one count of Aggravated Burglary, in violation of R.C. 2911.11(A)(2), a felony of the first degree; one count of Aggravated Robbery, in violation of R.C. 2911.01(A)(1), a felony of the first degree; two counts of kidnapping, in violation of R.C. 2905.01(A)(2), felonies of the first degree; one count of Disrupting Public Services, in violation of R.C. 2909.04(A)(1), a felony of the fourth degree; one count of Grand Theft (Motor Vehicle), a violation of R.C. 2913.02(A)(1), a felony othe fourth degree; one count of Grand Theft (Firearms), in violation of R.C.2913.02(A)(1), a felony of the fourth degree; one count of Grand Theft (Over $5,000), in violation of R.C. 2913.02(A)(1), and Firearm Specification on eight of the counts, in violation of R.C. 2929.14(D) and R.C. 2941.145.
 {¶ 5} Appellant did not file a direct appeal from his conviction and/or sentence.
 {¶ 6} On January 13, 2006, Appellant filed a Motion for Post-Conviction Relief with the trial court pursuant to R.C.2953.23(A)(1)(a) based on the United States Supreme Court's holding in Blakely v. Washington (2004), 124 S.Ct. 2531.
 {¶ 7} By Judgment Entry docketed on February 23, 2006, the trial court denied Appellant's Motion.
 {¶ 8} Appellant filed an appeal and this matter is now before this court for consideration. Appellant's Assignments of error are as follows:
 ASSIGNMENTS OF ERROR {¶ 9} "I. THE TRIAL COURT SENTENCED DEFENDANT UNDER AN UNCONSTITUTIONAL SYSTEM.
 {¶ 10} "II. BLAKELY V. WASHINGTON AND UNITED STATES V. BOOKER APPLY RETROACTIVELY."
 I., II. {¶ 11} Because Appellant's assignments of error are interrelated, we shall address them together.
 {¶ 12} Although it was not the basis of the trial court's denial of Appellant's Motion for Post-Conviction Relief, nor was it raised by the State in their Response to Appellant's Motion, we will first review the timeliness of Appellant's Motion.
 {¶ 13} Under R.C. 2953.21(A)(1)(b)(2), unless an exception set forth in R.C. 2953.23 applies, a petitioner has one-hundred-eighty days from the date the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction to file a petition for post-conviction relief. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal. In the case sub judice, Appellant did not file a direct appeal. His sentencing date, however, was August 1, 2003. Thus, Appellant's petition was filed well after the expiration of the one-hundred-eighty day period established by R.C. 2953.21(A)(1)(b)(2).
 {¶ 14} Appellant, however, attempts to argue that his petition was timely under the exception set forth in R.C.2953.23.
 {¶ 15} R.C. 2953.23 provides in relevant part:
 {¶ 16} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 {¶ 17} "(1) Both of the following apply:
 {¶ 18} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 19} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 20} Appellant agues that because the United States Supreme Court decided Blakely more than one-hundred-eighty days after he was sentenced, his petition falls within this exception to the one-hundred-eighty day rule. We disagree.
 {¶ 21} First, the Ohio Supreme Court recently ruled in Statev. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, that certain portions of Ohio's felony sentencing laws, R.C. 2929.14(B),2929.14(E)(4) and 2929.19(B)(2), as well as other sections of the Ohio Revised Code, violate the Sixth Amendment to the United States Constitution, pursuant to Blakely, supra and Apprendiv. New Jersey (2000), 530 U.S. 466. The court then held that severance of the offending portions of the sentencing statute was the proper remedy, Foster, supra, and that the cases before the court "and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent" with the court's opinion. Id. Consistent with the United States Supreme Court's holding in United States v. Booker (2005),543 U.S. 220, the court in Foster only applied its holding retroactively to cases pending on direct review or not yet final. Id.
 {¶ 22} The United States Supreme Court has not made the decision in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403 retroactive to cases already final on direct review. See In re Dean (11th Cir. 2004), 375 F.3d 1287,1290 ("Because Blakely, like Ring, is based on an extension of Apprendi, Dean cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review."); McBride v. State (Fla.Dist.Ct.App. 2004),884 So.2d 476, 478 ("We further hold that Blakely does not apply retroactively to cases on collateral review."); State v.Petschl (Minn.Ct.App. 2004), 688 N.W.2d 866, 2004 WL 2663594 ("Blakely has the same procedural effect as Apprendi,
increasing the accuracy of the sentence but not the conviction. Because the Blakely rule does not improve the accuracy or fairness of a trial, we conclude that it is not a watershed rule subject to retroactive application on collateral review.").
 {¶ 23} This Court as well as numerous other courts around the State have found Blakely does not apply retroactively to cases already final on direct review. State v. Craig, Licking App. No. 2005CA16, 2005-Ohio-5300; State v. Myers, Franklin App. No. 05AP-228, 2005-Ohio-5998 (concluding Blakely does not apply retroactively to cases seeking collateral review of a conviction); State v. Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095; State v. Stillman, Fairfield App. No. 2005-CA-55, 2005-Ohio-6299 (concluding U.S. Supreme Court did not make Blakely retroactive to cases already final on direct review).
 {¶ 24} Furthermore, Appellant cannot demonstrate that, but for a constitutional error, no reasonable fact finder would have found him guilty as there was no fact finder; Appellant entered pleas of no contest to the charges brought against him.
 {¶ 25} As Appellant's case is before us on appeal from a denial of his petition for post-conviction relief, not from direct appeal, Appellant has failed to meet his burden under R.C.2953.23(A)(1) to file a timely petition for post-conviction relief and the trial court therefore lacked jurisdiction to entertain the petition. See State v. Kelly, 6th Dist. No. L-05-1237, 2006-Ohio-1399; State v. Smith, 9th Dist. No. 05CA008772, 2006-Ohio-2045; State v. Luther, 9th Dist. No. 05CA008770, 2006-Ohio-2280.
 {¶ 26} We find appellant's argument based upon Blakely
unpersuasive as this sentencing issue is not being raised on direct review.
 {¶ 27} We therefore find that the trial court's denial is proper because the court was not statutorily authorized to entertain the petition due to its untimeliness. Id.
 {¶ 28} For the above reasons, the trial court did not err in summarily dismissing Appellant's petition for post conviction relief, and we find that his assignments of error are without merit.
 {¶ 29} Appellant's first and second assignments of error are denied.
 {¶ 30} The judgment of the Licking County Court of Common Pleas is hereby affirmed.
Boggins, J. Hoffman, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas, Licking County, Ohio is affirmed. Costs to Appellant.