[Cite as *State v. Sullivan*, 2012-Ohio-2873.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  |  |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | Patricia A. Delaney, P.J. |
| | : | Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 12-CA-14 |
| | : | |
| | : | |
| CHAD E. SULLIVAN | : | O P I N I O N |
| Defendant-Appellant | | |


CHARACTER OF PROCEEDING:          Criminal Appeal from Licking County
                                                          Court of Common Pleas Case No.
                                                          03-CR-163

JUDGMENT:                                       Affirmed

DATE OF JUDGMENT ENTRY:          June 25, 2012

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

KENNETH W. OSWALT                      CHAD E. SULLIVAN
Prosecuting Attorney                         Inmate #439-879
Licking County, Ohio                         16149 St. Rt. 104
20 South Second Street                     P.O. Box 7010 R.C.I.
Newark, Ohio  43055                         Chillicothe, Ohio  45601

*Edwards, J.*

**{¶1}** Appellant, Chad E. Sullivan, appeals a judgment of the Licking County Common Pleas Court dismissing his motion to modify his sentence pursuant to Civ. R. 60(B)(4), (5) and (6). Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

**{¶2}** On August 1, 2003, appellant entered pleas of "no contest" to one count of aggravated burglary  (R.C. 2911.11(A)(2)), one count of aggravated robbery (R.C. 2911.01(A)(1)), two counts of kidnapping (R.C. 2905.01(A)(2)), one count of disrupting public services, (R.C. 2909.04(A)(1), one count of grand theft of a motor vehicle (R.C. 2913.02(A)(1)),  one count of grand theft of firearms (R.C. 2913.02(A)(1)), one count of grand theft  over $5,000 (R.C. 2913.02(A)(1)), and firearm specifications on eight of the counts ( R.C. 2929.14(D) and R.C. 2941.145). Appellant did not file a direct appeal from his conviction and/or sentence.

**{¶3}** On January 13, 2006, Appellant filed a Motion for Post-Conviction Relief with the trial court pursuant to R.C. 2953.23(A)(1)(a) based on the United States Supreme Court's holding in *Blakely v. Washington* (2004), 124 S.Ct. 2531.  The trial court overruled the motion and this Court affirmed the trial court's decision.  *State v. Sullivan*, 5th Dist. No. 06-CA-33, 2006-Ohio-4060.

**{¶4}** On September 6, 2006, appellant filed a motion to vacate the judgment pursuant to Civ. R. 60(B).  This motion raised issues again associated with the *Blakely* decision.  The trial court denied the motion.  An appeal to this Court was dismissed for want of prosecution.

**{¶5}** On July 12, 2011, appellant filed a motion to modify his sentence pursuant to Civ. R. 60(B)(4), (5) and (6). He again raised issues associated with his aggregate consecutive sentencing, citing this time to *Apprendi v. New Jersey*, 530 U.S. 466(2000), a case that the United States Supreme Court relied on in the *Blakely* decision cited by appellant in his earlier motions raising the same claims. The trial court overruled the motion, finding that the motion, which the court treated as a petition for postconviction relief, was untimely, and barred by res judicata, and that the trial court had previously ruled on the merits that his claims associated with *Apprendi* and its progeny were without merit.

**{¶6}** Appellant assigns one error on appeal:

**{¶7}** "THE TRIAL COURT ERRED AND DEPRIVED THE APPELLANT OF DUE PROCESS OF LAW IN VIOLATION OF THE APPELLANT'S [SIC] FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 AND 16 OF THE OHIO CONSTITUTION WHEN THE COURT IMPOSE [SIC] MORE THAN ONE ADDITIONAL PRISON TERM ON AN OFFENDER UNDER THE OHIO REVISED CODE §2929.14(D)(1)(a)(i), FOR FELONIES COMMITTED AS PART OF THE SAME ACT OR TRANSACTION."

**{¶8}** The trial court did not err in dismissing appellant's motion. First, as noted by the trial court, appellant's motion was untimely. Regardless of how appellant captioned the motion, his Civ. R. 60(B) motion was properly recast as a petition for postconviction relief pursuant to R.C. 2953.21. *See State v. Reynolds,* 5th Dist. No. 09-CA-13, 2009-Ohio-3998. The motion was not filed within 180 days as required by R.C. 2953.21(A)(2), and appellant did not demonstrate good cause for the late filing.

{¶9} Further, appellant raised the same issues raised in two prior petitions for postconviction relief. The first petition in which these issues were raised was considered on the merits by the trial court and affirmed on the merits by this Court in *Sullivan*, supra, 2006-Ohio-4060. These claims are therefore barred by res judicata.

{¶10} We note that appellant does not challenge either of these rulings by the trial court, and argues solely the merits of his underlying petition. Appellant argues that he received a disparate sentence from his co-defendants. However, nothing in the record supports this claim. The remaining issues argued in appellant's brief have previously been considered by this Court on appeal from his first petition for postconviction relief and rejected.

{¶11} The assignment of error is overruled.

{¶12} The judgment of the Licking County Common Pleas Court is affirmed.

By: Edwards, J.

Delaney, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/r0423

[Cite as *State v. Sullivan*, 2012-Ohio-2873.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
            Plaintiff-Appellee         :
                                       :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
CHAD E. SULLIVAN                       :
                                       :
            Defendant-Appellant        :          CASE NO. 12-CA-14


    For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.


_____

_____

_____

                              JUDGES