[Cite as *State v. Sullivan*, 2014-Ohio-2018.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
|     Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 13 CA 106 |
| CHAD E. SULLIVAN | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common
Pleas, Case No.  03 CR 163


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    May 9, 2014


APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

KENNETH OSWALT    WILLIAM T. CRAMER
PROSECUTING ATTORNEY    470 Olde Worthington Road
20 South Second Street, 4th Floor    Suite 200
Newark, Ohio  43055    Westerville, Ohio  43062

*Wise, P. J.*

**{¶1}** Appellant Chad E. Sullivan appeals the October 11, 2013, Judgment Entry of the Licking County Common Pleas Court amending its previous sentencing entry to impose a mandatory five years of post-release control.

**{¶2}** Appellee is State of Ohio.

**{¶3}** This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

**{¶4}** "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."

**{¶5}** This appeal shall be considered in accordance with the aforementioned rule.

## STATEMENT OF THE FACTS AND CASE

**{¶6}** On July 28, 2003, Appellant Chad Sullivan signed no contest pleas to the following charges: one count of aggravated burglary in violation of R.C. §2911.12(A)(2), one count of aggravated robbery in violation of R.C. §2911.01(A)(1), and two counts of kidnapping in violation of R.C. §2905.01, all of which were first degree felonies. Sullivan also pled guilty to disrupting public services in violation of R.C. §2909.04(A)(1) and three counts of grand theft in violation of R.C. §2913.02(A)(1) (automobile, firearm, and $5,000), all of which were fourth degree felonies. All eight counts also included a three-

year firearm specification under R.C. §2929.14(D)/§2941.145 for displaying, brandishing, indicating possession of, or using a firearm during the offense.

{¶7} Each of the plea forms signed by Appellant stated:

{¶8} "I know any prison term stated will be the term served without good time credit. After release from prison, I may have up to five (5) years of post-release control. If I violate post-release control conditions, I could be returned to prison for up to nine (9) months.

{¶9} The trial court sentenced Appellant to seven years on the burglary and robbery, three years on each count of kidnapping, and one year on each of the remaining counts. All terms were imposed consecutively for a total of 24 years. The trial court also imposed three years on each firearm specification, but ran the specifications concurrently to each other for an aggregate prison term of 27 years.

{¶10} The August 1, 2003, Judgment Entry stated:

{¶11} "The Court has further notified the defendant of the consequences for violating conditions of post-release control imposed by the Parole Board under Ohio Revised Code Section 2967.28. The defendant is ordered to serve as part of this sentence any term of post-release control imposed by the Parole Board and any prison term for violations of that post-release control."

{¶12} In 2006, Appellant filed a petition for post-conviction relief pursuant to R.C. §2953.21, arguing that the trial court engaged in unconstitutional judicial fact-finding in violation of *Blakely v. Washington*, 542 U.S. 296, 124 S,Ct. 2531, 159 L.Ed.2d 403 (2004). The trial court denied the motion and Appellant filed a *pro se* appeal. This Court

affirmed, finding that the petition was untimely and *Blakely* did not apply retroactively. *State v. Sullivan*, 5th Dist. No. 2006CA00033, 2006-Ohio-4060.

{¶13} Shortly thereafter, Appellant filed a Civ.R. 60(B) motion to vacate his conviction raising additional issues relating to *Blakely*. The trial court denied the motion and Appellant appealed. This Court dismissed the appeal for want of prosecution. *State v. Sullivan*, 5th Dist. No. 2006CA00127.

{¶14} In July 2011, Appellant filed another Civ.R. 60(B) motion to modify his sentence raising similar arguments relating to *Blakely*. The trial court denied the motion as untimely and held that it was barred by *res judicata*. Appellant appealed and this Court affirmed for the same reasons as the trial court. *State v. Sullivan*, 5th Dist. No. 2012CA00014, 2012-Ohio-2873.

{¶15} In September 2013, Appellant filed a motion to withdraw his plea. Appellant argued that his plea was not knowing, intelligent, or voluntary due to ineffective assistance of counsel. Appellant alleged that counsel failed to discuss the facts, interview potential witnesses, or discuss possible defenses or tactics; and counsel failed to discuss the effect of the plea or produce mitigating evidence at sentencing. The trial court denied the motion on the merits, finding no manifest injustice to support a post-sentence withdrawal of a plea. Appellant appealed *pro se*, but that appeal was dismissed in January 2014 for want of prosecution. *State v. Sullivan*, 5th Dist. No. 2013CA00096.

{¶16} On the same day the trial court denied Appellant's motion to withdraw his plea, the prosecution requested a resentencing hearing to correct an error in imposing post-release control under R.C. §2967.28. The original sentencing entry failed to

impose any specific period of post-release control. The prosecution asked that the trial court impose a mandatory five (5) years of post-release control based on the first-degree felony convictions.

**{¶17}** The trial court scheduled a resentencing hearing, issued a warrant to transport Appellant for the hearing, and appointed counsel for the hearing. At the hearing and in a written memorandum in opposition, Appellant argued that resentencing was barred by *res judicata*. Alternatively, Appellant argued that if the sentence could be reopened to correct a post-release control error, then it should be reopened to address his issues also. (T. at 3-4). The trial court rejected Appellant's arguments and issued an amended sentencing entry imposing a mandatory five (5) years of post-release control. (10/11/13 amended sentencing entry).

**{¶18}** It is from that judgment that the Appellant now appeals, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

**{¶19}** "I. THE TRIAL COURT VIOLATED APPELLANT'S STATE AND FEDERAL RIGHTS TO DUE PROCESS AND FUNDAMENTAL FAIRNESS BY IMPOSING POST-RELEASE CONTROL TEN YEARS AFTER HIS ORIGINAL CONVICTION. "

### I.

**{¶20}** In his Assignment of Error, Appellant argues that the imposition of post-release control at his re-sentencing violated his due process rights and fundamental fairness.  We disagree.

**{¶21}** Revised Code §2929.191 sets forth the mechanism for correcting a sentence that fails to properly impose post-release control. However, said provision applies prospectively to sentences entered on or after July 11, 2006. *State v. Pearson,* Montgomery App. No. 23974, 2011–Ohio–245, f.n. 3, citing *State v. Singleton,* 124 Ohio St.3d 173, 2009–Ohio–6434, ¶¶ 35–36. *See, also, State v. Nesser,* Licking App. No. 10CA61, 2011–Ohio–94, f.n.1; *State v. Samples,* Stark App. No. 2010CA00122, 2011–Ohio–179, ¶ 27. In the case at bar Appellant was sentenced in 2003.

**{¶22}** In *State v. Singleton,* 124 Ohio St.3d 173, 2009–Ohio–6434, 920 N.E.2d 958, paragraph one of the syllabus, the Ohio Supreme Court held that "[f]or criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose post-release control, trial courts shall conduct a *de novo* sentencing hearing in accordance with decisions of the Supreme Court of Ohio." In reviewing decisions where post-release control was lacking, the *Singleton* court noted:

**{¶23}** "In *State v. Jordan,* 104 Ohio St.3d 21, 2004–Ohio–6085, 817 N.E.2d 864, this court considered the consequences of a trial court's failure to advise an offender about post-release control at the sentencing hearing. *Id.* at ¶ 1, 817 N.E.2d 864. Applying *State v. Beasley* (1984), 14 Ohio St.3d 74, 471 N.E.2d 774], we held that '[b]ecause a trial court has a statutory duty to provide notice of post-release control at the sentencing hearing, any sentence imposed without such notification is contrary to law' and void, *and the cause must be remanded for resentencing. Id.* at ¶ 23, 27, 471 N.E.2d 774. (Emphasis added).

**{¶24}** "We again confronted a sentencing court's failure to notify or incorporate post-release control into its sentencing entry in *Hernandez v. Kelly,* 108 Ohio St.3d

395, 2006–Ohio–126, 844 N.E.2d 301; however, in that case, discovery of the sentencing error did not occur until after the offender had been released from prison, placed on post-release control by the parole board, and re-imprisoned for violating the terms of post-release control. *Id .* at ¶ 4–7, 844 N.E.2d 301. There, we granted a writ of habeas corpus in conformity with our decisions in *Jordan* and *[Woods v. Telb,* 89 Ohio St.3d 504, 2000–Ohio–171, 733 N.E.2d 1103], holding that the parole board lacked authority to impose post-release control because the trial court had failed to notify the offender of post-release control or to incorporate it into the sentencing entry and because *Hernandez* had completed serving that sentence when the error was discovered. *Id.* at ¶ 32, 844 N.E.2d 301.

{¶25} "* * *

{¶26} "In *State v. Bezak,* 114 Ohio St.3d 94, 2007–Ohio–3250, 868 N.E.2d 961, we concluded that an offender is entitled to a *de novo* sentencing hearing for the trial court to correct a sentence that omitted notice of post-release control. * * * Importantly, because Bezak had already completed his term of imprisonment, the trial court could not, consistent with our decision in *Hernandez* * * * conduct a resentencing.

{¶27} "* * *

{¶28} "Most recently, in *State v. Bloomer,* 122 Ohio St.3d 200, 2009–Ohio–2462, 909 N.E.2d 1254, we * * * held that when a court fails to impose post-release control before an offender completes the stated term of imprisonment, under either our case law or R.C. 2929.191, the offender must be discharged, ¶ 69–71." *Id.* at ¶ 14–18, 20, 909 N.E.2d 1254. *See also*, *State v. Atkinson,* Cuyahoga App. No. 93855, 2010–Ohio–2783.

{¶29} In the instant case, a review of the record reveals that Appellant was advised of the possibility of post-release control at his original sentencing, although no specific term was imposed. Appellant was also advised of post-release control in the plea forms which he signed. However, in the plea forms, Appellant was informed that he may be subject to up to five years of post-release control. The trial court conducted a *de novo* re-sentencing hearing to correct this mistake.

{¶30} In *State v. Simpkins,* 117 Ohio St.3d 420, 884 N.E.2d 568, 2008–Ohio– 1197, the appellant argued that he could not be re-sentenced because he had completed a substantial majority of his sentence at the time of resentencing and had a cognizable interest in the finality of his sentence. *Id.* at 427, 884 N.E.2d at 576, 2008– Ohio–1197 at ¶ 31. In rejecting this argument the Court noted,

{¶31} "Given that the sentence was issued without the authority of law and that Simpkins was represented by counsel, we find that there was no unfair surprise or prejudice to Simpkins in his resentencing. Because he did not have a legitimate expectation of finality in his sentence, Simpkins could be resentenced without offending the Double Jeopardy or Due Process Clauses. *See United States v. Fogel* (C.A.D.C.1987), 829 F.2d 77, 87." *Simpkins* at ¶ 37.

{¶32} In the case at bar, the re-sentencing hearing occurred before Appellant was released from prison. Additionally, at the original sentencing hearing in 2003 Appellant was made aware he was subject to post-release control. The plea forms he signed in 2003 stated that he was subject to up to five years of post-release control. Thus, this was not a case where Appellant was totally unaware that he may be subject to a period of post-release control upon his release from prison. Furthermore, re-

sentencing a defendant to add a mandatory period of post-release control that was not originally included in the sentence does not violate due process. *State v. Simpkins, supra*, at paragraph 20 of syllabus.

**{¶33}** After independently reviewing the record, we find that because appellant was notified prior to his release from prison pursuant to R.C. §2929.191(A)(1) that he would be subject to a mandatory term of post-release control, his due process rights were not violated as he had no sufficient "expectation of finality" in his sentence.

**{¶34}** Accordingly, Appellant's sole assignment of error is overruled.

**{¶35}** For the foregoing reasons, the judgment of the court of Common Pleas of Licking County, Ohio, is affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/d 0414